## A. L. ALEXANDER v. STATE.

No. A-5626. Opinion Filed July 31, 1926.
On Rehearing, Sept. 8, 1926.
(248 Pac. 873.)

T. D. Taylor, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pittsburg county on a charge of having unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $50 and serve a term of 30 days in the county jail.

It is first contended that the court erred in not excluding evidence obtained by an illegal search. The record discloses that defendant presented a motion to suppress evidence as obtained by an illegal search. No evidence in support of this motion was offered. At the trial defendant objected to the introduction of evidence for the same reason. The officers who made a search testified that they had a search warrant, and that, the defendant not being at his place of residence at the time of the search, the same was tacked on the door. Section 7009, Comp. Stats. 1921.

Error is not presumed, but must be made to affirmatively appear. If the defendant sought to show that the proceedings in procuring the search warrant were invalid, it was incumbent upon him to introduce the records of such proceeding or to account for them. Having failed to do this, we cannot presume that the affidavit and warrant were invalid.

It is next argued that the state was permitted to prove the reputation of the defendant as a person engaged in the selling of Choctaw beer. The record upon this point shows that defendant first opened up this line of evidence, over

the objection of the state. Having gone into the matter of reputation, it was the right of the state to rebut. Some other contentions are advanced, but they are without merit.

Finding no error that would warrant a reversal, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.

On Rehearing.

EDWARDS, J. Since writing the former opinion, our attention has been called to the fact that the sufficiency of the evidence was challenged in the original briefs, and which contention was not disposed of in the opinion heretofore rendered. An examination of the case upon this point convinces us that this contention is well taken, that the proof of the intoxicating nature of the "choc beer" is very slight, and that the evidence of possession is circumstantial, and not of such conclusive character as to sustain the verdict.

The case is reversed.

BESSEY, P. J., and DOYLE, J., concur.