## D. J. HENDERSON v. STATE.

No. A-8924.   April 4, 1936.
(56 Pac. [2d] 915.)

88

90

96

J. W. Clark, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen (I. L. Cook and Rowe Cook, of counsel), for the State.

DOYLE, J. (after stating the facts). Appellant, D. J. Henderson, was convicted of manslaughter in the first degree, and in pursuance of the verdict of the jury was sentenced to 99 years' imprisonment in the state penitentiary. In this case there is no controversy about the fact of the killing. Appellant testified in his own behalf on the trial and admitted the killing, and undertook to justify it upon the plea of self-defense.

The assignments of error are based upon certain rulings of the court in the admission and the rejection of evidence.

The rulings of the trial court upon the admission of evidence were more than fair to the defendant, and we find few assignments meriting consideration.

Considering the assignments in the order in which they appear in the record, the first is based upon the action of the court in permitting the witness Sam How-

ard to testify as to the condition of the ground near where the body was found.

The record shows that several witnesses, some on the part of the state and some on the part of the defendant, testified as to the condition of the ground on the highway and inside the fence where the body was found, and the defendant testified that there was a struggle between him and the deceased at this point, but, regardless of that, there can be no doubt but that it is competent for the persons first appearing at the scene of the crime to describe the surrounding conditions, and such testimony is not inadmissible as opinion testimony, but as showing, or tending to show, physical facts, and is always competent and admissible for that purpose.

Complaint is made of testimony being admitted as to the prior relationship as to friendliness or enmity between the deceased and the defendant.

The defendant testified that some time prior to this tragedy the deceased had threatened his life, and the defendant's witness Buck Reid testified that he overheard the deceased make a threat against the life of the defendant; therefore one of the issues in the case became and was the previous relations existing between the deceased and the defendant, in explanation of their conduct and motives, and the testimony showing such relations was competent. In every instance the trial court required the state to show that the witness testifying had some knowledge of the relations existing between the two before allowing the state's witness to testify as to whether or not the relationship was friendly.

Complaint is also made of the following questions asked the defendant's character witness G. M. Taylor on cross-examination:

"Q. Did you know Mr. Walter Jarnagan? A. I know him when I see him. Q. Did you ever hear of his being robbed down there—either one of the Jarnagan boys? Mr. Linebaugh: We object, Your Honor, that is highly prejudicial and we now move the court to declare a mistrial and discharge the jury. The Court: I will sustain the objection as to the question and overrule you as to the mistrial. Mr. Linebaugh: We except and ask the court to instruct the jury to disregard the question. The Court: At this time I admonish you, gentlemen of the jury, to pay no attention to the question asked the last witness about a man named Jarnagan being robbed, that has nothing to do with this case and I do not want you to take it into consideration in summing up the evidence in arriving at a verdict."

It is urged that, even though the defendant's objection to the last question was sustained, it brought into the record prejudicial error.

We think this contention is not only without merit, but under a well-settled rule the court erred in sustaining the defendant's objection.

In the case of Stouse v. State, 6 Okla. Cr. 415, 119 Pac. 271, this court held:

"As the general reputation of any person is established by the opinions of witnesses as to the general estimation of his character, it is permissible upon cross-examination of such witness to show the sources of his information and particular facts may be called to his attention, and he may be asked if he ever heard of them. This is permissible, not for the purpose of establishing the truth of such facts, but to test the credibility of the witness, and to ascertain what weight or value is to be given to his testimony." And see Russell v. State, 17 Okla. Cr. 164, 194 Pac. 242.

In the case of Carroll v. State, 24 Okla. Cr. 26, 215 Pac. 797, this court held:

"On cross-examination of witnesses as to defendant's character and reputation as a peaceable and law-abiding citizen, it is proper to inquire as to knowledge of alleged acts of violence committed by the defendant at various times prior to the time of the killing on others than the deceased." Teel v. State, 53 Okla. Cr. 200, 11 Pac. (2d) 197.

The defendant further complains that prejudicial error was committed by allowing on rebuttal the witness Jackson to testify relative to the defendant stealing some shirts, and trading them for whisky at the CCC camp.

The record shows that, before the testimony complained of was admitted, Buster Slack had testified that he was in the CCC camp with the defendant for about 5 or 6 months, and the the defendant's reputation in the camp as a law-abiding citizen was good.

The question presented is, Does this testimony come within any of the well-known exceptions to the general rule in criminal cases that, when a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows he is guilty of that offense alone? This rule is tersely stated by Mr. Bishop, who says:

"The state cannot prove against a defendant any crime not alleged, either as foundation for a separate punishment, or as aiding the proofs that he is guilty of the one charged, even though he has put his character in issue." 2 Bishop's New Crim. Proc. § 1120.

See Miller v. State, 13 Okla. Cr. 176, 163 Pac. 131, L. R. A. 1917D, 383.

In the numerous cases cited by counsel for appellant, where the fundamental rule of evidence of another crime being inadmissible is applied, we find the prosecution was relying upon evidence of similar crimes in its case in chief to obtain a conviction. In this case it is evident that the

only purpose of the state in offering the testimony complained of was to impeach the credibility of the witnesses who had testified as to the good character and reputation of the defendant at the CCC camp.

A defendant in a criminal case is entitled to the privilege of putting his character in issue, and his good character or general reputation as to the trait involved in the charge against him is always admissible in his favor as tending to show the improbability of his committing the offense charged, and, where a defendant offers testimony to show his previous good character, the state may in rebuttal offer evidence of his bad character. Kirby v. State, 25 Okla. Cr. 330, 220 Pac. 74, 33 A. L. R. 1212; Alexander v. State, 35 Okla. Cr. 89, 248 Pac. 873.

The instructions given by the court to which no objection was made nor exception taken submitted the issue of murder under the first subdivision of section 2216, St. 1931, but did not submit the issue of murder under subdivision 3, which provides homicide is murder "when perpetrated without any design to effect death by a person engaged in the commission of any felony."

By numerous decisions of this court it is held, where an information charges murder under the first subdivision of section 2216, St. 1931, when perpetrated without authority of law and with a premeditated design to effect the death of the person killed, a conviction, if warranted by evidence, may be had under either of the other subdivisions of said statute. Evinger v. State, 57 Okla. Cr. 63, 45 Pac. (2d) 552.

It appears from the record that it was the theory of the state that this homicide was committed in the perpetration of a robbery, and there is ample proof of circumstances from which a reasonable and logical inference

arises that the defendant committed the homicide for the purpose of robbing the deceased of his money and his automobile. However, the record shows that no request was made on the part of the state for instructions to the jury upon that theory.

Counsel for the defendant states in his brief that, if the defendant was to be convicted, he should have been convicted of murder, or the jury should have turned him loose; however, no objection was made or exception taken to the instructions submitting the issue of manslaughter in the first degree.

Where one has taken a human life the law does not presume the homicide was justified, but presumes the contrary.

After a most careful review of the record, we have been unable to discover any prejudicial error.

As to the self-defense theory, the physical facts conclusively show that the testimony of the defendant is wholly incredible. The failure of the defendant to do the things that would ordinarily have been done under such circumstances by an innocent person, and his failure to deny any of the incriminating facts proved against him, point unerringly to his guilt. The defendant was convicted only of manslaughter in the first degree. As we view the record, his youth and the humanities of the law are all that saved him from a conviction of murder. It follows that the judgment of the lower court should be affirmed, and it is so ordered.

EDWARDS, P. J., and DAVENPORT, J., concur.