John GILLUM, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12319.

Criminal Court of Appeals of Oklahoma.

Sept. 12, 1956.

Kelly & Townsend, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

John Gillum was charged in the county court of Tillman County by information with the offense of operating a motor vehicle while under the influence of intoxicating liquor, was tried before a jury, found guilty and his punishment was fixed at ten days confinement in the county jail, and to pay a fine of $1.

For reversal it is claimed that defendant's demurrer to the State's evidence should have been sustained; that there is a fatal variance between the allegations contained in the information and the evidence introduced on behalf of the State, and that the court erred in the admission of certain evidence.

The record discloses that the city marshal of Frederick, George Matthews, about 10 or 10:30 p. m., on October 10, 1955, noticed the defendant driving a 1953 Ford pickup and making a rounded right turn off Main Street into Floral, and then drive from one side of the street to the other several times. Officer Matthews and city patrolman Frank Welch, who were riding in the same car, proceeded to cause the defendant to stop his car at Eleventh Street and Floral. That is, defendant got out but left his engine running and his pickup in gear, and it started rolling, but was stop-

ped by the officers. Defendant staggered, his breath smelled of alcohol, he could not talk clearly, and on the way to the jail he fell. This witness, officer Welch and the jailer Logan Spain were of the opinion that the defendant was intoxicated.

The court overruled the demurrer interposed to the evidence and thereafter defendant testified and admitted that he was arrested on the night of October 10, 1955 by the officers Matthews and Welch in Frederick. He also admitted that in the afternoon and about two and a half hours prior to his arrest he had taken a drink of whiskey at Lockett, Texas, but denied being intoxicated when arrested.

■ There can be no question but that the evidence was sufficient for the submission of the issues to the jury. See Pebworth v. State, 88 Okl.Cr. 97, 199 P.2d 621.

■ Concerning the claimed variance, the act in question was set out as happening on October 10, 1955. In questioning the first witness the county attorney asked if he had seen the defendant "on or about the 15th day of October, 1955". The witness answered in the affirmative, and thereafter related the details of the crime. In questioning Frank Welch, the officer who accompanied officer Matthews, and, in questioning Logan Spain, the jailer, the date set out in the information, to wit: October 10, 1955, was fixed as the date of the act in question and the date of his arrest and incarceration in jail, and the defendant so testified. Clearly the county attorney erred in the phrasing of his question to Mr. Matthews. No one called it to the attention of the trial court at any time, and we do not consider that the error was prejudicial to the defendant in any way.

On cross-examination of the defendant, the county attorney asked him if he had not on November 14, 1955 voluntarily entered a plea of guilty to being drunk in a public place. Defense counsel objected to the question, but the State announced that the sole purpose of the question was to test the credibility of the witness or to impeach him. Defendant's counsel then proceeded on re-direct examination to question defendant in some detail concerning his plea of guilty admittedly made in the case in question. The county attorney on cross-examination then brought out the fact that the defendant when arrested was sitting in his car, which he had been driving.

It is argued that in that the conviction in question happened during the pendency of the present case, the county attorney should not have been permitted to inquire of convictions happening after the present charge, but was entitled to inquire only about convictions prior to the present charge.

■ It is generally held that a defendant who presents himself as a witness becomes subject to the same rule as any other witness, and may be questioned as to former convictions. That is to say, as a defendant his character cannot be attacked by the State, but as a witness he puts his credibility at issue like any other witness.

■ A conviction whether it was prior to the crime then charged or after would afford the same means of testing the credibility or forming the basis for impeachment, that being the only purpose for permission of the inquiries in the first place. Henderson v. State, 59 Okl.Cr. 86, 56 P.2d 915; Clark v. State, 95 Okl.Cr. 119, 239 P.2d 797; Flynn v. State, 68 Okl.Cr. 72, 96 P.2d 96; James v. State, 64 Okl.Cr. 174, 78 P.2d 708.

See 12 O.S.1951 § 381, reading:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

By reason of what we have said, the judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.