Benedict Daniel ENOCH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14888.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Homer Thompson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Benedict Daniel Enoch, hereinafter referred to as defendant, was charged, tried, and convicted of Larceny of an Automobile After Former Conviction of a Felony, and from the judgment and sentence fixing his punishment at imprisonment in the State Penitentiary for ten years, he appeals.

Briefly stated, the facts adduced on the trial reveal that Bobby Dean Pollard, the owner of the stolen automobile (a 1966 Ford Station Wagon), testified that on the morning of December 6, 1967, he drove his car to work at the Drywall Supply Company and parked it to the north of his office. He further stated that on this particular day he authorized an employee to take his

car for an errand and he returned at approximately 2:15 p.m. Later in the afternoon he was contacted by the Oklahoma City Police Department that his car had been found in the 2300 block on N.W. 1st Street, which was about three quarters of a mile from where he worked. Mr. Pollard testified that when he went to make an inspection of the car, that some Christmas articles and a spare tire were missing and that the car bore a different car tag. On direct examination, he stated that he did not know the defendant and did not give him permission to drive the car.

Oklahoma City Police Officer Ronald V. Douglas testified that on December 6, 1967, he and his partner were driving west on N.W. 1st Street in the 2300 block at 3:25 p.m., and saw the defendant and his accomplice in a 1966 Ford Station Wagon; that the defendant, who he recognized on sight, was driving the car. Becoming suspicious of the defendant driving a late model car, he and his partner circled the block and returned to the liquor store where the pair had stopped. The defendant was gone and the co-defendant, Thomas Earl Dunn, was out of the car.

Officer Douglas further testified that he saw the license tag hanging by one bolt, removed it, and on finding that it did not belong on the station wagon, contacted Mr. Pollard at his place of business at 300 N. May. Approximately 40 minutes elapsed before Officer Douglas spotted the defendant walking in the 2400 block on West Main and arrested him. He testified that when he first observed the defendant driving the station wagon, he was wearing dirty clothes and was unshaven, but when he was arrested, the defendant had on clean clothes and was freshly shaven.

The defendant elected to testify in his own behalf. He testified in substance that he was a victim of circumstances. It was his defense that the co-defendant had come by his employer's home in the stolen car, and that because the co-defendant had been drinking, he drove him to the liquor store.

He stated he did not know the car was stolen.

■■■ As his first assignment of error, the defendant contends that the evidence of the State falls far short of being sufficient to prove the crime of larceny of an automobile. We believe that this contention is wholly without merit, for it is readily apparent from the evidence heretofore set forth, that the 1966 Ford was taken without the owner's permission, observed a short while thereafter in defendant's possession with a different license tag on it, and from these facts and circumstances the jury could reasonably deduce that the defendant intended to permanently deprive the owner of his automobile. Such facts and circumstances amply support the verdict of the jury and are not weakened merely because the defendant testified that he did not steal the car, nor know it to be stolen. In the case of Hudson v. State, Okl.Cr., 399 P.2d 296, this Court held:

"The jury is the exclusive judge of the weight of the evidence and credit to be given to the witnesses. Where there is a direct conflict in the evidence, or it is such that different inferences may be properly drawn from it, the jury's determination will not be interfered with upon the ground that the evidence is insufficient to sustain a conviction, where there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty."

■■■ It is lastly contended that the judgment and sentence is excessive. We need only observe that the punishment is well within the range provided by law for Larceny of an Automobile After Former Conviction of a Felony, and that there are no facts and circumstances sufficient to justify a modification or reversal.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.