Michael Dennis HART, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15467.

Court of Criminal Appeals of Oklahoma.

July 14, 1971.

Rehearing Denied Aug. 31, 1971.

James M. Springer, Jr., Stillwater, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant.

## OPINION

BRETT, Judge:

Plaintiff in Error, Michael Dennis Hart, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Payne County, for the offense of Assault and Battery with a Dangerous Weapon. He was tried by a jury which found him guilty and assessed his punishment at one (1) year imprisonment in the county jail. From that judgment and sentence this appeal has been perfected.

The facts briefly stated are: on the night of December 23, 1968, shortly after 11:00 p. m., in Stillwater, Oklahoma, Police Officers Lazenby and Fugett received a call to look for a Pontiac G.T.O. automobile of a dark color. Officer Lazenby testified that he observed a vehicle which met the description and when the vehicle was coming toward them, he turned on his red light and pulled over into the other vehicle's lane of traffic; stopped the police-car slightly at an angle across the lane in order that he might block the oncoming Pontiac vehicle. He also testified that at that time the police car had its headlights on, and its red light flashing. The other car stopped about twenty or thirty feet in front of the police-car. He related further that the two officers stepped out of the police-car and stood by the car doors for a brief period; and when he started to move away from the door he heard an engine accelerating, and glanced up to see the head-lights of the other car coming toward him. Officer Fugett's testimony was essentially the same as that of Officer Lazenby concerning this particular aspect of the incident.

It appears from the record that as defendant's car proceeded around the police-car, it struck the police-car door and knocked Officer Lazenby to the ground. He suffered minor injuries, and was placed in the Stillwater Hospital overnight for observation for a possible concussion. The State offered other evidence to show that there were scratch marks on the left door and the left head-light of defendant's car which corresponded to the damage on the left door of the police-car. The State offered one rebuttal witness, Mr. Rick Bellatti, who identified two photographs taken of defendant's car after defendant was arrested; both photographs verified the damage to defendant's vehicle as asserted by the State.

Defendant testified in his own behalf and said that he had become intoxicated, drove to where he was arrested; and that earlier in the evening he had passed out in his car, after it was parked at the location where he was arrested. Presumably, when the officers arrived at defendant's vehicle he was asleep, because they had to break the window open to gain access to the vehicle. There was no evidence other than his own statement that he had become intoxicated and had gone to sleep, as he testified.

This charge was laid under the provisions of 21 O.S.1961, § 645, which provides:

"Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without just cause, shoots at another, with any kind of firearm or airgun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year."

In his first proposition defendant states that the verdict of the jury was contrary

to the evidence and that defendant's demurrer should have been sustained; and in his argument he asserts that there was no showing of intent on the part of defendant to do bodily harm to the officer, when he sped his vehicle in the manner alleged. Defendant also asserts that there was no showing that a battery had been committed upon Officer Lazenby. However, we do not accept defendant's proposition as argued.

■ In Lott v. State, 92 Okl.Cr. 324, 223 P.2d 147 (1950), this Court held that an automobile can be used in such a manner as to become a dangerous weapon; and also, that the manner in which it is used can likewise supply the unlawful intent required by the statute, which then becomes a question of fact for the jury at the time, whether or not defendant was guilty of operating the vehicle and committing the offense as alleged in the Information. See also: Washington v. State, Okl.Cr., 426 P.2d 372 (1967). Under the facts and circumstances of this case, we believe that the implication reached by the jury was reasonable, from facts presented; and having reached that conclusion it was not unreasonable to further conclude that it was the intent of defendant to injure the officer attempting to arrest him. We therefore deny defendant's first proposition of error.

■ Defendant's second and third propositions of error are not supported by authorities; and also, in his third proposition defendant merely argues his interpretation of the provisions of 21 O.S.1961, § 649. We do not accept his interpretation as being the legislative intent when that section of the statute was passed. Once the defendant comprehended that the police officers intended for him to stop his vehicle, he had a duty to comply with any reasonable order they might have given him.

In his last proposition defendant asserts that the sentence assessed by the jury of one (1) years confinement in the county jail, is excessive. This Court provided in Enoch v. State, Okl.Cr., 453 P.2d 326 (1969):

"Where the punishment imposed is well within the range provided by law, and there are no facts and circumstances sufficient to justify a modification or reversal, the judgment and sentence will not be disturbed on appeal."

■ Therefore, insofar as the punishment assessed by the jury is well within the maximum provided by the State, the punishment is not excessive. The record before the Court does not support defendant's story offered as his defense. Insofar as the jury determined defendant's guilt, we do not find sufficient cause to disturb that verdict.

Therefore, we are of the opinion, after carefully reviewing the record of trial, the briefs submitted, and failing to find error to cause a reversal or modification of this case, we conclude that the conviction of Michael Dennis Hart, in the District Court of Payne County, Oklahoma, in case No. CRF–69–61, should be affirmed.

It is so ordered. Judgment and sentence affirmed.

NIX, J., concurs.