**Lloyd Otto BRECHEEN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16584.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1971.

Rehearing Denied Dec. 13, 1971.

Leslie B. Younger, Ada, for plaintiff in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Lloyd Otto Brecheen, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Pontotoc County, Oklahoma for the offense of Larceny of an Automobile. His punishment was fixed at three (3) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Don Armichael was a partner in an automobile business in Ada, Oklahoma. He testified that some time between 5:30 p. m., April 3, 1970, and 8:15 a. m., April 4, 1970, a 1961 white Chevrolet Impala automobile, bearing Oklahoma license number PN–8842, and serial # 11869K-124070 was taken from his place of business without permission. The automobile was recovered approximately one week later, at which time it was bearing a Hughes County license tag, # HG–3226.

Deputy Sheriff Hixson testified that at about 7:00 a. m., April 4, 1970, he was parked in the vicinity of Francis, Oklahoma, and observed a 1961 Chevrolet, Impala automobile, bearing license number PN–8842 parked in the yard of a home resided in by Mrs. Othelia Nickell; a woman came out of the house, spoke to the occupants, and then re-entered the house, and he later noticed the car drive off. He testified that he became curious about the automobile, and ran an ownership check, and was told it checked to a car agency in Ada, Oklahoma.

Othelia Nickell testified that she lived in Francis, Oklahoma, and that on April 4, 1970, the defendant, and a person named Richard McLish came to her home; that the defendant was driving a white Chevrolet, and that she went on a short ride with the two men.

Eugene Nickell testified that he lived in Francis, and was a nephew, by marriage, of the previous witness, and lived approximately one mile from her; that on the morning of April 4, 1970, the defendant and another male subject drove up into his yard. He went outside and spoke with them, and they made some statement to the effect that they had come to his home because they had seen someone from the sheriff's office in the Francis area. He asked them to leave, and they did. Defendant was driving a white Chevrolet.

Deputy Sheriff Haskins testified that at about 7:00 a. m., he was in Francis, Oklahoma on April 4, 1970. He received a radio call from Deputy Hixson about a white 1961 Chevrolet, bearing Oklahoma license PN–8842. He observed the vehicle and followed it at a distance. He stated that it was being driven by the defendant, and contained one Richard McLish as a passenger. He followed them until they turned off and went to Eugene Nickell's home; at that time, he did not know the vehicle was stolen. Later that day, after receiving a stolen car report on the automobile, he again observed the vehicle with McLish driving. He gave chase, but was unable to overtake the vehicle.

Trooper Don Henley testified that on April 10, 1970, he received a call to check an abandoned automobile. He went to the location and observed a 1961 Chevrolet, Serial No. 11869K124070. The automobile was bearing an Oklahoma license number HG–3226.

The defendant's sole witness was Richard McLish. He testified that he had been brought from McAlester to testify on behalf of the defendant; that he had a conversation with the District Attorney, and had been advised that if he committed perjury on the witness stand, he would be prosecuted. He testified that no threats were made to him, and that he was not going to testify, lest it might incriminate him.

 The first proposition asserts that the evidence was insufficient to sustain a conviction of Larceny of an Automobile. Defendant argues that the case was based upon circumstantial evidence, and that there was no evidence of asportation by the defendant.

In a similar case, Enoch v. State, Okl. Cr., 453 P.2d 326, in dealing with an identical proposition, we stated:

"As his first assignment of error, the defendant contends that the evidence of the State falls far short of being sufficient to prove the crime of larceny of an automobile. We believe that this contention is wholly without merit, for it is readily apparent from the evidence here-tofore set forth, that the 1966 Ford was taken without the owner's permission, observed a short while thereafter in defendant's possession with a different license tag on it, and from these facts and circumstances the jury could reasonably deduce that the defendant intended to permanently deprive the owner of his automobile. Such facts and circumstances amply support the verdict of the jury and are not weakened merely because the defendant testified that he did not steal the car, nor know it to be stolen."

We further observe that the jury was instructed as to Larceny of an Automobile and Unauthorized Use of a Motor Vehicle. We have consistently held that this Court will not disturb the finding of the jury where there is any competent evidence that reasonably tends to support the findings of the jury. We, therefore, find this proposition to be without merit.

 The next proposition contends that the trial court erred in giving Instruction No. 5 concerning the proof required to warrant a conviction upon circumstantial evidence, and further, that the court erred in failing to give an Instruction as to the defendant's right to remain silent. The record reflects that the defendant offered no Instructions to the court, nor did he object to any of the Instructions given. In Ellington v. State, Okl.Cr., 462 P.2d 322, this Court held:

"Alleged error in giving of instructions will not be considered on appeal, in absence of an exception saved to the giving of the instruction unless so erroneous as to mislead and confuse the jury as to the issue of the case, or is of such fundamental nature as to deny defendant due process.

All of the instructions given by the trial court should be considered and where they fairly and fully present the issues involved, and no fundamental error occurs whereby the defendant has been prejudiced or deprived of a substantial right, the case will not be reversed on appeal."

We, therefore, find this proposition to be without merit.

 The final proposition asserts that the trial court erred in not granting defendant's request for a dismissal. Defendant does not cite any authority to support this proposition. We have repeatedly held that it is necessary for counsel for plaintiff in error, not only to assert error, but also to support his contentions by both argument and the citations of authority. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. Sandefur .v. State, Okl.Cr., 461 P.2d 954 (1969).

In conclusion, we observe that the record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

NIX and BRETT, JJ., concur.