Sally Marie **RHYNE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–18004.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1973.

Charles V. Foor, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

### OPINION

BLISS, Presiding Judge:

The appellant, Sally Marie Rhyne, hereinafter referred to as defendant, was charged, tried and convicted along with her co-defendant, Hollis W. Justice, in the District Court of Pittsburg County, Case No. F–72–56, for the offense of Possession of Dangerous Drug in State Penal Institution, and her punishment was assessed at five (5) years imprisonment in the state penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

The conviction of co-defendant Justice was recently affirmed by this Court in 512 P.2d 1389 and the facts were therein adequately and correctly recited essentially as follows:

Gordon Wright, Chief Security Officer of the Oklahoma State Penitentiary, testified that on the 12th day of April 1972 at approximately 7:07 a.m. he entered the classification office of the penitentiary where the defendant Rhyne was employed as a civilian employee. He observed Rhyne hand a plastic bag to the co-defendant Justice. Rhyne's purse was open. Justice took the bag and placed it on the bottom shelf of a file cabinet, concealing it with a peanut can. Mr. Wright walked to the next office and directed Pete Douglas to come and retrieve whatever Justice had placed in the file cabinet. Douglas reached into the file cabinet and pulled out a plastic bag containing various pills. Rhyne said that she had to go to the bathroom and left, taking her purse with her. He then identified State's Exhibit 7 as the plastic bag handed him by Pete Douglas.

Peter Douglas, Classification Officer of the Oklahoma State Penitentiary, testified that on the morning in question he was sitting in the adjacent office having coffee when Mr. Wright called him to come to the middle of the classification office. At Wright's direction, he reached into a file cabinet and found a plastic bag containing a variety of pills. He testified that he had to move a peanut can in order to reach the plastic bag. Approximately thirty minutes later, he searched the restroom and found, in the wastepaper basket, a plastic bag containing two pills similar to those he found earlier.

The parties stipulated that the exhibits were subsequently delivered to Don Flynt, chemist with the Oklahoma State Bureau of Investigation.

Don Flynt testified that he performed a chemical analysis of the contents of the bags and found that they contained amphetamines, barbiturates and combinations thereof.

Don Wallach, an agent with the Oklahoma State Bureau of Investigation, testified that on April 13, 1972, he interrogated Rhyne at the Tulsa Police Department. He advised her of her constitutional rights and after ascertaining that she understood the same, took a signed statement from her. Miss Rhyne admitted that she took the pills into the penitentiary and gave them to the co-defendant.

Officer McMillan's testimony did not differ substantially from the testimony of Agent Wallach.

Defendant Rhyne testified in her own behalf. She denied bringing contraband pills into the penitentiary at any time. She testified that her purse was open on her desk because she had just taken a headache tablet. Defendant testified she just glanced up and saw Justice with pills in his hand. She stated she never held the pills in her hand. She also testified that she took large doses of prescribed medication the morning of her confession to calm her nerves. She said the medication affected her state of mind during the confession and that Mr. Wallach promised her help if she would confess.

Howard L. Ary, Correction Officer, Oklahoma State Penitentiary, testified that it was his job to search people coming in and out of the penitentiary. He testified that on April 12, 1972 he looked in defendant's purse when she entered the penitentiary and saw nothing suspicious. He also testified that there was nothing unusual about defendant's speech or conversation that morning.

Alvin Brock, Minister of the Trinity Baptist Church, McAlester, and J. B. Harring, operator of a local mobile home park and motel, both testified as to defendant's good character.

The defendant's first proposition asserts that the trial court committed reversible error in not granting a mistrial or severance in favor of the defendant after learning that co-defendant Justice had not been arraigned in the District Court nor had he been assisted by counsel until the morning of the trial. The defendant is actually contending that if the trial court lacks jurisdiction over a co-defendant then the trial court must grant a mistrial with respect to the other co-defendant, even though that defendant had been properly arraigned and is properly before the Court.

■ This Court, in the *Justice* case, supra, found that co-defendant Justice, with counsel, announced ready and proceeded to trial. We therefore held that where the defendant announces ready and proceeds to trial without objection, he thereby waives his right to an arraignment and plea, citing Hutchinson v. State, Okl.Cr., 278 P.2d 858. Therefore, if co-defendant Justice was properly before the Court, then the defendant's first proposition in error is without merit.

■■ The defendant next contends that the trial court erred in not sustaining a demurrer to the State's evidence in that there was no evidence that the defendant Rhyne had in her possession any dangerous drugs inside the prison. With this contention we do not agree. Witness Wright testified that he saw defendant hand the bag of pills to Justice. The pills were determined to

have been dangerous drugs, and similar pills were found in the bathroom after its occupancy by the defendant. This Court has held on many occasions that it is the exclusive province of the jury to weigh evidence and determine facts. This Court will not reverse a case for insufficiency of the evidence if there is any substantial evidence upon which the jury could reasonably base its verdict of guilty. Hill v. State, Okl.Cr., 502 P.2d 1280; Templer v. State, Okl.Cr., 494 P.2d 667; and Brecheen v. State, Okl.Cr., 489 P.2d 1340. Therefore, defendant's second proposition is wholly without merit.

The defendant next urges that the trial court erred in allowing a purported confession to be introduced into evidence when in fact the confession was not a voluntary statement of the defendant, but was a statement in exchange for freedom or immunity. With this contention we cannot agree.

■ A reading of the lengthy record reflects that the trial judge, outside of the hearing of the jury, held a hearing as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1174, 12 L.Ed.2d 908, 1 A.L.R.3d 1205. The trial court found that the confession was made voluntarily and without any promises being given. A reading of the record further reflects that said confession was actually made and was made subsequent to an intelligent, knowledgeable and voluntary waiver of the defendant's Miranda rights. This Court will not disturb the trial court's ruling permitting the introduction of a confession supported by sufficient evidence that the defendant knowingly and intelligently waived his rights and understood the consequences of said waiver. Fowler v. State, Okl.Cr., 512 P.2d 238, and Warren v. State, Okl.Cr., 495 P.2d 837. The finding of the trial court was, therefore, both correct and proper; and the defendant's third proposition in error is without merit.

Defendant's next proposition in error asserts that the trial court erred in admitting a certain letter written by the defendant to

**410**

a third party into evidence without a proper predicate being laid and because the letter was introduced only for purposes of passion and prejudice. With this contention we also do not agree.

 The record reflects that the defendant placed her own good character in evidence through the prior testimony of Reverend Brock and Mr. Harring. Once a defendant puts his character at issue, the State may, on cross-examination or rebuttal, introduce evidence of the defendant's bad character. Henderson v. State, 59 Okl.Cr. 86, 56 P.2d 915, and Taylor v. State, 96 Okl.Cr. 1, 247 P.2d 749. In the instant case the letter was properly identified by the defendant on cross-examination as being written by her. It was then properly introduced and admitted into evidence as proof of bad character.

The defendant's last proposition in error contends that the trial court erred in allowing the defendant to be tried conjointly with an inmate of the state penitentiary. The record reflects that the defendant failed to file any pretrial motion seeking a severance, announced ready for trial and subsequently raised the issue of a mistrial only upon the discovery that co-defendant Justice might not have been formally arraigned. Therefore, the failure in this particular case to properly raise the issue of a severance constitutes a waiver of any right to same.

In the *Justice* case, this Court held that the trial court should have granted a severance, but because of the overwhelming evidence of guilt, the same does not constitute fundamental error, citing Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 21 L.Ed.2d 340. The same is applicable in this particular case. Therefore, since there was no fundamental error and since the issue of a severance was waived, the defendant's last proposition is without merit.

For the reasons set out above, the judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.