Gordon Arthur **HOWELL** and Robert Charles Sliker, Appellants,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–123.

Court of Criminal Appeals of Oklahoma.

Aug. 20, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellants.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

PER CURIAM:

Appellants, Gordon Arthur Howell and Robert Charles Sliker, hereinafter referred to as defendant Howell and defendant Sliker, were charged and tried in the District Court of Oklahoma County, Case No. CRF–72–2317, for the offense of Assault with a Deadly Weapon with Intent to Kill, defendant Howell was found guilty and sentenced to fifteen (15) years imprisonment, defendant Sliker was found guilty of Assault with a Dangerous Weapon and sentenced to a term of five (5) years imprisonment and from said judgments and sentences, a timely appeal has been perfected to this Court.

■ Because of the propositions asserted, we do not deem it necessary to recite the statement of facts. Defendants assert two propositions, both of which are meritorious. The first proposition contends that the trial court erroneously failed to determine and submit the issue of voluntariness of the confession of defendant Howell. The record reflects that the defendant requested a·hearing outside the presence of the jury which was overruled. In Tice v. State, Okl.Cr., 478 P.2d 916, we stated in the first Syllabus:

"Where the question arises as whether a confession is voluntary or involuntary, the correct procedure is for the court to *immediately* withdraw the jury and hear all the evidence both for and against the competency of the same, and all the facts and circumstances under which the same was made, and decide whether the confession was voluntary or involuntary. If voluntary, it may be presented, together with all the facts and circumstances surrounding the giving of the same to the jury. If involuntary, it is inadmissible." (Emphasis added)

In the instant case the trial court failed to conduct a hearing outside the presence of the jury nor was the question of voluntariness submitted to the jury with instructions.

■ The second proposition asserts that accusatory hearsay was admitted. Officer Kirby testified that defendant Howell told him in the interrogation that defendant Sliker was at the scene with a gun and subsequently hid the gun. Defendant Howell did not take the witness stand and defendant Sliker could not question him about these vital matters. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 and Clark v. State, Okl.Cr., 509 P.2d 1398, 44 O.B.J. 1787.

The judgments and sentences are reversed and remanded.