**Del Lee BALDWIN, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–73–325.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1974.

Leslie R. Earl, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Del Lee Baldwin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–73–271, for the crime of Second Degree Burglary. His punishment was fixed at a term of four (4) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial James Barnes testified that he was the owner of a DX Service Station located at 223 South Elgin, Tulsa, Oklahoma. On February 5, 1973, he closed his station at approximately 6:00 p.m. and at that time all the doors and windows were closed and locked. At approximately 3:00 a.m. on the morning of February 6, 1973, pursuant to a request from the Tulsa Po-

lice Department, he returned to his station. Upon arriving, he found that the lower panel of the front door of his station was broken. Barnes identified State's Exhibits 4, 5, 6, 7, 8 and 9[1] as being items missing from the station which had been there when he closed the previous evening. He further testified that he did not give anyone permission to enter his station or to remove the items taken.

Claude Graves testified that he was employed by the Tulsa Police Department on February 6, 1973, as a police officer. At approximately 2:00 a.m., he and his partner, H. A. Wilson, arrested one Ronald Lewis Casto for no State Driver's License. After advising Casto of his rights, Casto related to him that he and the defendant had broken into a service station located in downtown Tulsa. At the direction of Casto, the officers drove to the New Miami Hotel where, after awaking the defendant, he was arrested. After advising the defendant of his rights and taking him to the scene of the burglary, the defendant orally confessed to his participation in the burglary and later at the police station, after signing a Waiver of Rights, signed a written confession.

H. A. Wilson, Tulsa Police Officer, testified to substantially the same facts as Officer Graves.

Both officers denied ever having struck the defendant or Casto.

Ronald Lewis Casto testified in behalf of the defendant. He testified that Officers Graves and Wilson beat him to make him implicate the defendant and after the defendant was taken into custody, he was beaten until he confessed to the burglary. Casto further testified that the defendant had nothing to do with the burglary and that it was all his own doing while he was high on drugs and that he needed money to purchase more drugs.

The defendant took the stand in his own behalf and testified that on the night of February 5, 1973, he and Casto had been out drinking during the night and that they had gone back to their room at the New Miami Hotel sometime after midnight. He had gone to bed and the next thing he knew, he was being awakened by some police officers with pistols at his head. When questioned by the officers at the hotel room, he told them he knew nothing about a burglary, but was told to get dressed and then taken to the filling station where he was hit and kicked by the officers when he continued denying any knowledge of the burglary. When the police officers continued to beat him, the defendant decided to tell them that he participated in the burglary so they would stop beating him. After being taken to the police station, he was told to write out a statement and was struck again when the officers did not like the statement that he wrote. The statement was torn up and the defendant forced to write another confession. The defendant further testified to two previous felony convictions.

■ The defendant asserts that he was denied his right to a fair trial due to highly improper argument of the Assistant District Attorney. The complained of argument is as follows:

"The State legislature has provided, ladies and gentlemen, that if you do find Mr. Baldwin guilty of second degree burglary that his sentence can be not less than 2 years nor more than 7. From 2 to 7 years. They give you a 5 year span in that time, and there are reasons for that. The legislature feels that in your wisdom that there are certainly other circumstances for you to consider when you are considering a man's punishment, such as the nature of the crime, such as the circumstances surrounding the crime, allegations made, *perhaps the defendant's*

---

1. State's Exhibit 4, credit card taken from DX Service Station; State's Exhibit 5, credit card taken from DX Service Station; State's Exhibit 6, can of motor oil taken from DX Service Station; State's Exhibit 7, can of motor oil taken from DX Service Station; State's Exhibit 8, radio taken from DX Service Station; State's Exhibit 9, bag of tools taken from DX Service Station.

*past record.* These are all circumstances that you can consider when you are considering—if you find him guilty, whether to assess him either two or perhaps a seven year term." (Emphasis added) (Tr. 219).

And at page 222 of the transcript we find the following argument by the Assistant District Attorney which we deem to be improper:

"The day after the crime I believe Mr Casto testified that he told Mr. Earl. Again we have no evidence. I want to know where the hotel keeper is that said this man used the name of Joe Norris? I want to know where the employer is of this man who said he went out and worked for him the next day? These witnesses were not called. I want to know where his friends at the bar was? [sic] The friends that Mr. Casto said this man called and was associating with and drinking with and calling them by their first names. He said he maybe meant one person. He knew when he took the stand, but he couldn't remember his last name. I want to hear somebody testify that this man was so drunk that he went to the hotel room and passed out and didn't know anything about this burglary. But we don't have any testimony elicited from the defense except that of the two compatriots in crime together. Where are they?" (Tr. 222).

In the case of Thompson v. State, Okl. Cr., 462 P.2d 299 (1969), this Court stated at page 305 of the official opinion:

"*We think the references by the prosecuting attorney to the defendant's prior criminal record went beyond the question of his credibility,* but served the purpose of influencing the jury as to the punishment imposed. We further think the prosecuting attorney's reference to other crimes committed by the defendant at the scene of the instant crime was improper and prejudicial. We further find that the prosecuting attorney, in his closing argument, did refer to facts which were not borne out by the evidence. *We*

*further find as improper the prosecuting attorney's comments on defendant's failure to call certain witnesses as* well as his argument which indicated his own personal opinion as to the defendant's guilt." (Emphasis added)

It is therefore our opinion that the above argument made by the Assistant District Attorney was improper and prejudicial to the defendant. We have previously held that improper remarks of the prosecuting attorney can be cured by modification when evidence of guilt is clear. See Mitchell v. State, Okl.Cr., 408 P.2d 566 (1965).

 It is therefore our opinion that because of the prejudicial argument of the Assistant District Attorney, justice would best be served by modifying the judgment and sentence to a term of two (2) years imprisonment and, as so modified, the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.