James JETT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-74-335.

Court of Criminal Appeals of Oklahoma.

July 22, 1974.

Irwin Owen, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., Stephen C. Lewis, Dist. Atty., Pottawatomie County, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, James Jett, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pottawatomie County, Case No. CRF–73–347, for the offense of Rape in the First De-

gree. His punishment was fixed at a term of twenty (20) years and one (1) day in the State penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

From the record before us, the undisputed facts are that the defendant accomplished sexual intercourse with his 17 year old daughter against her will by the use of force and fear. The daughter testified that on April 27, 1973, she and the defendant were visiting friends and upon leaving the friends' home, the defendant drove out on a dirt road and stopped his truck. The defendant then asked his daughter if she would have intercourse with him. He then got out of the truck, took off all his clothing and came around to her side of the truck and asked her again if she would have intercourse with him. The daughter attempted to push the defendant away but was unable to do so and the defendant had intercourse with her.

The daughter further testified that the defendant started having intercourse with her approximately six years prior to April 27, 1973, on a regular basis. Each time she stated it was against her will and defendant would tell her " . . . he would stomp the shit out of me if I told anyone." (Tr 7) The prior acts of intercourse occurred out on dirt roads or in junk cars behind their home.

The defendant's other daughter, age 16, testified that the defendant had accomplished sexual intercourse with her on numerous occasions against her will by use of force and fear since she was 12 years of age. The acts occurred "Usually on a dirt road or behind the house. We have a bunch of cars up there." (Tr 28) On each occasion the defendant told her " . . . he would either beat or stomp the shit out of me." (Tr 26) She further testified that she brought this situation to the attention of law enforcement agencies because " . . . I just kept thinking about the way I had been treated and everything, and finally on Labor Day I decided I had had enough of it. And I

was not going back home, and I didn't." (Tr 27)

The defendant's sole proposition of error asserts that the trial court erred in admitting testimony, over defendant's objections, elicited from the younger daughter to the effect that she also had been raped in a similar fashion by the defendant over the same period of time.

 The general rule is that when a defendant is put on trial for one offense he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone and evidence which in any manner shows or tends to show that he committed another crime wholly independent, even though it be a crime of the same sort, is irrelevant and inadmissible. See Hall v. State, 67 Okl.Cr. 330, 93 P.2d 1107 (1939). However, we believe the testimony in the instant case was admissible under the exception to the general rule as set out in Rhine v. State, Okl.Cr., 336 P.2d 913 (1959):

"1. As a general rule, in the prosecution of one accused of a particular offense, evidence showing or tending to show the commission by accused of another crime or crimes entirely distinct and independent of that for which he is on trial, even though it be a crime of the same class, is neither relevant nor admissible.

"2. An exception to the general rule exists when the evidence of similar offenses tends to show a system, plan, or scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other.

"3. In a prosecution for rape, evidence of similar offenses which shows that in the commission of the offense the accused used a system or plan characterized by a peculiar method of operation tends to establish the offense charged and is admissible on that basis."

See also Turnbow v. State, Okl.Cr., 451 P. 2d 387 (1969).

In the instant case both of the defendant's daughters testified to the following method employed by the defendant:

(1) Both were violated in the car on dirt roads and behind the defendant's house.

(2) Both were threatened with the same language if they told.

(3) Both were defendant's daughters, ages 16 and 17.

(4) The acts had been occurring over a period of years and began at approximately the same time in each girl's life.

(5) The defendant used force and fear on both girls to accomplish the acts of intercourse.

Finding no error sufficient to warrant modification or reversal, it is our opinion that the judgment and sentence should be, and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.