**Tommy Lee INGRAM, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–6.**

Court of Criminal Appeals of Oklahoma.

May 19, 1980.

Bert A. Richard, Jr., Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Brent S. Haynie, Legal Intern, for appellee.

### OPINION

BUSSEY, Judge:

Appellant, Tommy Lee Ingram, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–78–1810, for the offense of Manslaughter in the First Degree, in violation of 21 O.S. 1971, § 711. His punishment was fixed at twenty-five (25) years' imprisonment with the last thirteen (13) years suspended, and from said judgment and sentence an appeal has been perfected to this Court.

Defendant asserts in the first assignment of error that the trial court erred in failing to sustain his demurrer to the evidence in the State's case-in-chief. Defendant argues that the State's evidence, when considered in the best light, proves only that the homicide was justifiable and committed while he was acting in his necessary self-defense. We are of the opinion that this assignment of error is wholly without merit.

The evidence at the trial reflects that on the evening of April 24, 1978, Larry Alexander, decedent Randel (Dooney) Harlan, and defendant met at a gymnasium on Northeast 18th Street in Oklahoma City. They purchased a pint of gin and consumed it as they proceeded to an apartment complex. Upon arrival at the complex, defendant became engaged in an argument with one Deborah Kay Tolbert concerning a $2.00 debt that she owed him. The argument became heated and the defendant pushed Ms. Tolbert toward some stairs. She left but returned with her sister. The argument was resumed between the defendant and the two females. Decedent then interceded on behalf of Ms. Tolbert and offered to pay the debt.

The State's four eyewitnesses testified that defendant refused the offer of payment and invited decedent to meet him downstairs. The defendant proceeded down the stairs and was followed by Dooney. Dooney attempted to kick the defendant on the stairway, but missed. Upon reaching the bottom of the stairs, defendant turned and stabbed Dooney and then ran off. Dooney walked back up the stairs and fell to the floor. Each of the State's witnesses denied seeing a pick comb or any other weapon in Dooney's hands. The police were called and Dooney was transported to the hospital where he was dead on arrival. The pathologist testified that the cause of death was a stab wound to the bottom of the heart. The defendant did not attempt to flee from the scene until such time as Dooney had been fatally stabbed. Considering the evidence and the inferences that could be reasonably drawn therefrom, the trial court was correct in overruling defendant's demurrer.

Defendant contends in the second assignment of error that a deputy sheriff was summoned to the courtroom to sit with the defendant at the summation stage of the proceeding and that the deputy's presence was highly prejudicial and inflammatory, denying the defendant a fair and impartial trial. The record does not support

the defendant's contention. The record reflects that during the prosecuting attorney's closing argument an outburst occurred in the gallery, and the defendant's father escorted a man from the courtroom. Under his inherent authority, the trial court thereupon requested the presence of a deputy. See *Snow v. State*, Okl.Cr., 453 P.2d 274 (1969). The record does not reflect that the deputy actually entered the courtroom or, if he did, where he sat. Defendant moved for a mistrial immediately after the deputy was summoned by the trial judge but did not raise the issue again. We thus have no alternative but to find that the alleged error was not properly preserved for appeal and will not be considered by this Court.

■ Defendant alleges in the third assignment of error that the trial court erred in failing to give his requested instruction that "a pick comb when used in a certain manner may be a dangerous or deadly weapon." We must likewise find this assignment of error to be without merit in that the appellate record does not contain defendant's requested instruction nor was it enumerated in the designation of record and it was therefore not properly preserved for review by this Court. See *Graves v. State*, Okl.Cr., 563 P.2d 646 (1977). Moreover, the trial court's instructions when considered as a whole, fairly and correctly stated the applicable law and fairly addressed all the issues of the case, including the defendant's defenses of self-defense and justifiable homicide.

■ Defendant lastly contends that this case should be reversed and remanded for the reasons that the jury improperly considered the policies of the Pardon and Parole Board in assessing the punishment. Defendant improperly attempted to impeach the verdict of the jury by attaching the affidavits of two jurors to the motion for new trial in contravention of *Wheeler v. State*, 66 Okl.Cr. 127, 90 P.2d 49 (1939).

We reaffirm our position in *Wheeler v. State*, supra, and find this assignment of error to be without merit. See also *Wil-*liams v. State*, 92 Okl.Cr. 70, 220 P.2d 836 (1950) and *Daniels v. State*, Okl.Cr., 554 P.2d 88 (1976).

In accordance with the authorities set forth above, the Judgment and Sentence is AFFIRMED.

CORNISH, P. J., and BRETT, J., concur.