Roger Elvin HALL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–286.

Court of Criminal Appeals of Oklahoma.

Aug. 18, 1980.

David O. Harris, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Jim Wilcoxen, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Roger Elvin Hall, was convicted in the Tulsa County District Court, Case No. CRF–77–1565, with the offense of First Degree Rape, After Former Conviction of a Felony. After a jury trial he was found guilty, and punishment was set at one hundred fifty (150) years' imprisonment.

The conviction arose out of an incident on April 3, 1977, when the appellant allegedly raped a 12-year-old girl after forcing her into an automobile on a dirt road in Tulsa County. Two propositions of error are presented. A discussion of the second proposition is unnecessary as the first proposition is dispositive of this appeal.

Before the appellant's trial, the State moved for permission to introduce evidence of two other rapes of young girls allegedly committed by the appellant. After consideration of the briefs filed by both the prosecution and the defense, the trial court granted the State's motion. The appellant then filed a motion in limine, requesting an order prohibiting the State from introducing evidence of the other crimes. The court overruled the motion. At trial, the appellant properly objected to any and all evidence of other crimes. On appeal to this Court, the appellant assigns as error the admission of the evidence of other crimes.

We have previously stated in earlier cases that evidence of crimes other than the one for which the accused is being tried is inadmissible. *Oglesby v. State*, Okl.Cr., 601 P.2d 458 (1979); *Hall v. State*, 67 Okl.Cr. 330, 93 P.2d 1107 (1939). We recognize five exceptions to that rule, as outlined in *Burks v. State*, Okl.Cr., 594 P.2d 771, 772 (1979):

". . . Evidence of other offenses may be admissible where it tends to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. . . ." (Citations omitted)

At trial the evidence was admitted under the common scheme or plan exception. Determinative of its applicability is the relationship or connection between the crime charged and the crime or crimes sought to be admitted. *Atnip v. Statel*, Okl.Cr., 564 P.2d 660 (1977). Similarity between crimes, without more, is insufficient to permit admission. *Oglesby v. State*, supra. The relationship or connection between crimes must be such that it is possible to infer the existence, in the mind of the accused, of a plan or scheme with each crime comprising a part thereof. This is not to say that the accused must have had a goal in mind or that the plan or scheme must have been logical. But there must be a visible connection between the crimes. *Burks v. State*, supra. The commission of separate offenses characterized by a highly peculiar method of operation will suffice to show a common scheme. See, *e. g., Turnbow v. State*, Okl.Cr., 451 P.2d 387 (1969); *Rhine v. State*, Okl.Cr., 336 P.2d 913 (1958).

Here, the record reflects that each rape took place in an automobile, that all three girls were under the age of consent, and that each rape was committed in Tulsa County. The similarity between the crimes ends at this point.

The testimony given at trial indicates that in at least one of the incidents a completely different car was used. The testimony also shows that one of the girls who was raped was tall and sexually mature, while another was seven years old and rather small. The deciding factor, however, is that each victim was raped in a different fashion and in a different area of the county. We are, therefore, compelled to conclude that the State failed to show any peculiar method of operation so as to bring this case within the common scheme exception allowing evidence of other crimes. The introduction of the evidence of the two other rapes being prejudicial and contrary to the law of this State, the judgment and sentence is *REVERSED* and *REMANDED* to the District Court for further proceedings.

BRETT and BUSSEY, JJ., concur.