Jeorge Hoss STEVENSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–621.

Court of Criminal Appeals of Oklahoma.

June 10, 1982.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Jeorge Hoss Stevenson, hereinafter referred to as the defendant, was convicted in the District Court of Tulsa County, Case No. CRF–80–4197, of Robbery with a Firearm, was sentenced to forty-five (45) years' imprisonment, and he appeals.

On November 28, 1980, between 8:30 P.M., and 9:00 P.M., J. R. Addington, a taxi driver, who was driving Yellow Cab No. 74, picked up three black males at the Holiday Inn in downtown Tulsa. Mr. Addington testified that while in route to a recreational center located in north Tulsa one of the

persons in the back seat placed a gun to his head and the passenger in the front seat stuck a gun in his stomach. The threesome repeatedly threatened to kill Addington, stating, they were going to "waste my white ass" and, "you're a dead son of a bitch." They directed him to drive to a trash dump, where they stripped him of all of his clothes except one sock and his undershorts, which they tore. As the victim was "waiting for the bullet," the trio sped away in his cab with his clothes and between $72.00 and $100.00 ($80.21 was eventually recovered).

After being refused aid by the first resident he contacted, Addington made his way to a nearby liquor store, where he was given a shirt and allowed to call the police, who arrived immediately. As the victim sat in the squad car, giving the policemen information about his cab and his assailants, he heard a radio dispatch that his cab had been observed a short distance away. The officers responded to the broadcast, while Mr. Addington waited for a fellow employee to arrive with some wearing apparel. The officers soon returned; they informed the victim that they had caught the trio, and took him to the scene of an automobile accident. Mr. Addington positively identified his wrecked cab and his robbers, one of whom he positively identified in court as the defendant.

### I.

■ In his first assignment of error, the defendant alleges that the trial court erred in failing to grant his motion to suppress the in-court identification of him by the victim. The record reveals that Mr. Addington had ample opportunity to observe the defendant and his cohorts, and was

1. The record reveals the following:
   PROSECUTOR:
   Q. This was the man in the back seat along with the other black men?
   WITNESS:
   A. As long as I live on this earth, I'll never forget him.
   Q. You're positive about the identification?

absolutely positive of his identification.[1] Unlike the witness in our recent decision of *Goudeau v. State*, 637 P.2d 859 (Okl.Cr. 1981), a case relied upon by the defendant, who could not give a detailed description of her assailant until after a tainted pre-trial show-up, the witness in the case at bar gave detailed accurate descriptions of all three robbers, and never waivered from them. This assignment of error is without merit.

### II.

■ As his next assignment of error, Stevenson argues that he was arrested without probable cause, and that as a result the trial court erred in admitting the fruits of the arrest into evidence. Officer John Uhles testified that, in response to a broadcast regarding a robbery involving Yellow Taxicab No. 74, he was advised that the cab had been wrecked and three suspects had run from the vehicle, and one wearing dark pants and a tan or white waist length windbreaker type jacket had escaped westbound between some houses. One block west and approximately a quarter to a half a block south of the scene of the accident, Officer Uhles observed the defendant standing on the corner wearing brown trousers and a white waist length jacket, and he arrested him. A fully loaded .22 caliber pistol was removed from the defendant, who was breathing heavily when Officer Uhles patted him down, and a "Delivered by Yellow Cab Courier 582–6161," label was also found in the defendant's jacket pocket. We find that the officer had probable cause to arrest the defendant, and the ensuing search was incident to a lawful arrest. *Nealy v. State*, 636 P.2d 378 (Okl.Cr.1981), and cases cited therein. This assignment of error is without merit.

A. What they put me through, I'll never forget. I had a scare. I know I'm a big man, but I can cry a few tears. I was terrified they was going to kill me and the torture and terror they put me through, stripping my clothes and leaving me in the cold. Oh, I'd like to have five minutes with you.

## III.

In his third assignment of error, the defendant alleges that a question [2] asked by the prosecutor injected evidence of other crimes, in contravention of *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). This is not the type of evidence of "other crimes" that *Burks* prohibited. In this case there is only an implication of another crime that was obvious only to defense counsel. *Agee v. State*, 562 P.2d 913 (Okl.Cr.1977). Further, the trial court's admonition to the jury not to consider the question and answer cured any error that might have existed. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973).

## IV.

In his fourth assignment of error, the defendant contends that the trial court erred in allowing the prosecutor to impeach the defendant on cross-examination by introducing a photograph of the defendant and his two (2) co-defendants, with one of them holding a pistol. However, the defendant failed to object to the introduction of the photograph or the prosecutorial questions at trial, and has thus waived his objections. See, 12 O.S.1981, § 2104; and, *Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977).

## V.

Next, the defendant claims that the prosecutor committed reversible error in his comments and argument before the jury. We have carefully examined each of the alleged improper remarks made by the prosecutor, and observe that not all of them were objected to at trial, and in no instance was there a request for an admonition by the defendant for the jury not to consider them. It is a well established rule that counsel for the defendant must not only object to improper argument of the prosecuting attorney, but must go further and move the trial court to exclude the remarks from the jury's consideration, and when this is not done any objection is waived unless the remarks are so fundamentally prejudicial that the trial court could not by instructions to the jury correct such error. See, *Smith v. State*, 599 P.2d 413 (Okl.Cr.1979), cert. denied. 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980), and cases cited therein. While some of the remarks were unnecessary, they were not so grossly improper, in light of the overwhelming evidence of the guilt of the defendant, as to have affected the verdict of the jury. See, *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980); and, *Beeks v. State*, 563 P.2d 653 (Okl.Cr.1977). This assignment of error is without merit.

## VI.

Lastly, the defendant claims that the accumulation of errors and irregularities in the trial, when considered as a whole, deprived him of a fair and impartial trial. For the reasons stated in *Brinlee v. State*, 543 P.2d 744 (Okl.Cr.1976), this assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED. We note that there is an apparent discrepancy in the judgment and sentence regarding the defendant's name, and the case is therefore remanded to the district court for a correction of the judgment and sentence.

BRETT, P. J., concurs in results.

CORNISH, J., concurs.

---

**2.** The following is reflected in the record:

Q. Is that the way it looked after the high speed chase on the evening of the 28th of November?

A. Yes. It was a high speed chase, too.

MR. HESLET: Objection. That's not proper.

THE COURT: Sustained.

MR. HESLET: I ask it be stricken and the jury admonished.

THE COURT: That will be stricken and the jury admonished not to consider it. Just answer the questions.