Hugh Wilbert ORGILL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–791.

Court of Criminal Appeals of Oklahoma.

March 16, 1983.

Thomas J. Ray, Jr., Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Hugh Wilbert Orgill, was convicted of Distribution of a Controlled Dangerous Substance, Cocaine, in Oklahoma County District Court, Case No. CRF–80–284, was sentenced to fifteen (15) years' imprisonment, and he appeals.

After hearing the testimony of two undercover police officers, the jury found that the appellant was the middleman in a cocaine distribution scheme.

### I.

In one of his assignments of error, the appellant argues that the trial court erred when it admitted evidence which he alleges is hearsay. We have reviewed the complained of statements and find that a proper objection was interposed to only one of them,[1] and that no admonition was requested.

This Court has long recognized the general rule that objections must be made in order to preserve an error for appeal. See, *Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977);

---

1. The record reveals the following:

Q. Did you have occasion to be involved in a phone call that day?
A. Yes, sir. I received a telephone call, oh, approximately 11:30 a.m. that morning from a subject named K. Kool, or real name Roy Thorton, to go to his address, that the man was at his address and he wanted to introduce us to him.
MR. HEALY: Your Honor—
A. And he had some cocaine that—
  MR. HEALY: Your Honor, I'm going to object to whatever Mr. Thornton told this man as Mr. Geary was not directing the question as to what this man was told.

THE COURT: Well, I don't think that's hearsay. It's not offered for the truth of it. It's offered to set up what he did, I think. I'll let him go that far, but no further. Yeah. Okay.
Q. (Mr. Geary continuing) Okay. Now did he tell you the nature of why he wanted you to come over? What—
  MR. HEALY: Your Honor, I'm going to object. to that on the same basis.
  THE COURT: I'm going to sustain that. (Tr. 4).

and, *Davis v. State,* 514 P.2d 1195 (Okl.Cr. 1973), and cases cited therein. As this Court has often stated, in a situation such as the one now before us, a defense counsel must not only object but must also request the court to take such action as is necessary to correct the error. Since the appellant did not request an admonishment, this alleged error has not been properly preserved. 12 O.S.1981, § 2104(A)(1); see also, *Stedman v. State,* 568 P.2d 350 (Okl.Cr.1977), and cases cited therein.

Furthermore, the record supports the trial judge's finding that the statements were not offered to prove the truth of the matter asserted, and he sustained an objection when the prosecutor did ask a question, the answer to which would have been hearsay. This assignment of error is without merit.

## II.

■ In another assignment of error, Orgill claims that the trial court erred by refusing to give a requested instruction,[2] which required the jury to find that he "possessed" the drug before he could be found guilty of the distribution of it. Appellant's requested instruction, had it been given, would conflict with the trial court's instruction no. 4, that "All persons concerned in the commission of crime, whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, are principals." Thus, it was not necessary for the appellant

to "possess" the contraband in the case before us. Appellant's co-defendant testified that the drug was his; and under the State's theory the appellant was "the middleman in the transaction"; thus, *Wilson v. State,* 568 P.2d 1323 (Okl.Cr.1977), which is relied upon by the appellant, is clearly not applicable. This assignment of error is without merit.

## III.

■ Next, the appellant alleges that fundamental error occurred because the trial court failed to instruct on the legal definition of the term "distribute," which he now asserts should have been given. We note that the appellant failed to request that such an instruction be given at trial; nor has he included this allegation of error in his motion for new trial, nor in his petition in error; further, he specifically stated that he had no objection to the instructions except for the refusal to give those he had requested; thus, the appellant has waived his right to allege this error on appeal. *Butler v. State,* 645 P.2d 1030 (Okl.Cr.1982), and cases cited therein.

## IV.

■ In a final assignment of error, the appellant argues that the trial court erred when it failed to grant him a presentence investigation as required by 22 O.S.1981, § 982.[3] We agree. As this Court held in

---

2. DEFENDANT'S REQUESTED JURY INSTRUCTIONS

You the Jury, are instructed that in order to convict Defendant Hugh Orgill for distribution of controlled dangerous substance, cocaine, you must believe beyond a reasonable doubt from the evidence presented at trial that the Defendant, Hugh Orgill, first possessed the substance identified by the State's witnesses as cocaine.

In order to find that Mr. Orgill possessed the substance identified by the State's witnesses as cocaine, you must believe from the evidence presented, beyond a reasonable doubt, that Mr. Orgill had knowledge of its presence and the power and intent to control its disposition or use. (Or. 12).

3. The record reveals the following:

MR. HEALY: Yeah. And, of course, we'll move for a Pre-Sentence Investigation.

THE COURT: Do what?

MR. HEALY: We'll also ask for a Pre-Sentence Investigation Report.

THE COURT: You want to move for a Pre-Sentence Investigation?

MR. HEALY: Yes, Your Honor.

THE COURT: You'll have to do that before the sentencing. The sentencing is June the 6th. You're asking me for a Pre-Sentence Investigation?

MR. HEALY: Okay. I'll do it now then.

THE COURT: That will be overruled.

MR. HEALY: Okay.

THE COURT: I don't need a Pre-Sentence Investigation. I agree with Judge Harris, I don't think that law is constitutional. And I don't think I'm required to do it. Some people think I am. I don't think so. I don't need a Pre-Sentence Investigation in this case.

MR. HEALY: Okay.

*Smith v. State,* 594 P.2d 784 (Okl.Cr.1979), 22 O.S.1981, § 982, is not an unconstitutional encroachment by the Legislature on the power of the judicial branch. Further, the State's argument that the conviction in the present case falls under the third exception of *Smith,* supra, because it was an act prohibited by 63 O.S.1981, § 2–401, is not correct, as that statute specifically mandates that, "Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation *except where the conviction is for a first offense.*" (emphasis ours). The appellant's conviction appears to be his first; thus, he falls into the exception to 63 O.S.1981, § 2–401; therefore, the trial court committed error in refusing to order a presentence investigation report. See, *Smith,* supra.

For the above and foregoing reasons, the judgment is AFFIRMED and the case is REMANDED to the District Court for resentencing in accordance with *Smith,* supra.

CORNISH and BRETT, JJ., concur.

THE COURT: And I'll let you present whatever you want to present at the time in mitigation or·what, but the jury has found him guilty. The jury has set his sentence. I see no reason for a Pre-Sentence Investigation. If you want to present something, I'll let you present anything you want to at the time of sentencing. But I'm not going to order a Pre-Sentence Investigation in this case. I have no reason to. And I'll give you an exception to my ruling.

MR. HEALY: Thank you, Judge. (Tr. 138 & 139).