**James WILKETT, Sr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–319.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1984.

---

Steven W. Taylor, Gotcher, Gotcher & Taylor, Gene Stipe, Stipe, Gossett, Stipe & Harper, McAlester, for appellant.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

James Wilkett was convicted by a jury of Murder in the Second Degree in Haskell County and was sentenced to fifteen (15)

years in prison. We find meritorious the claim of the appellant that the trial judge should have disqualified from the trial. The case is reversed and remanded for a new trial.

■ Right and justice must be administered in the courts of this State "without ... prejudice." OKLA. CONST. art. II, § 6. "Prejudice" in this sense refers to the "presence of such state of mind or feeling as might prevent him from giving defendant a fair trial." *Castleberry v. Jones,* 68 Okl.Cr. 414, 99 P.2d 174 (1940). A trial judge may have a duty to disqualify despite a personal belief that he is free of bias:

> Where there are circumstances of such nature as to cause doubts as to a Judge's partiality, bias or prejudice, it is his duty to disqualify, notwithstanding the fact that he personally believes himself to be unprejudiced, unbiased and impartial.

*Heard v. Sullivan,* 280 P.2d 708 (Okl.1955) (Syl. 1). See also *Merritt v. Hunter,* 575 P.2d 623 (Okl.1978). Under certain circumstances, "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned ... " 5 O.S.1981, ch. 1, app. 4, Canon 3(C)(1)(a).

■ The record before us reflects circumstances of such nature as to raise doubt as to whether the judge was possessed of such state of mind or feeling as might have prevented him from affording the appellant a fair trial. The judge denied a pre-trial motion to disqualify, and refused to postpone the proceedings to permit appellate review, despite the suggestion that he do so by the Chief District Judge.

A stay was ordered by this Court during our consideration of a petition for an extraordinary writ to review the refusal to disqualify. The writ was subsequently denied by this Court. However, the trial judge expressed resentment and accusations of dishonesty against defense counsel due to counsel's invocation of review by this Court. In denying a motion for legislative continuance, the judge stated in part the following:

> On December 1, 1980, on the basis of a factually incorrect Petition filed in the Court of Criminal Appeals of the State of Oklahoma, the defendant obtained an Order Staying Trial Proceedings directed to the trial court wherein the said Court of Criminal Appeals directed the trial court not to proceed in the case until further order, thus prevented (sic) the regularly scheduled jury trial of this case, by ex parte order.

> \*    \*    \*    \*    \*    \*

> Therefore, because of false allegations, and dilatory pleadings the defendant obtained a "continuance" of a proper trial setting without legal or justifiable grounds for doing so, and contrary to the orderly administration of justice.

> \*    \*    \*    \*    \*    \*

> Third, now the defendant comes into court and asks for yet another continuance on different grounds, when legally he has not received a continuance from last jury term.... THIS COURT WILL NOT CONFIRM PRIOR DELAYS BASED ON THE FALSE ALLEGATIONS AND DILATORY PLEADINGS OF DEFENSE COUNSEL ... (Emphasis in the original).

The relevant passage is set out in the Appendix I. We note that the appellant had a statutory right to review of the denial of the motion to disqualify. See 20 O.S.1981, § 1403.

The judge subsequently revealed that a number of annoying contacts were initiated by the family of the appellant prior to trial. He denied a defense motion for new trial based on newly discovered evidence without a hearing, stating:

> [T]he family of the defendant continually contacted the trial court by phone prior to trial to attempt to discuss the case, which was flatly refused. And further the calls got so bad that the trial court had to start having members of the family start screening calls at home to enable the trial court to avoid most of such calls. The trial court had to continually cut off the conversations of said family members in their attempts to cuss the counsel of defendant, which I would not permit.

Further, if Mr. Taylor, will take the time to read the transcripts of prior proceedings in this case, he will clearly see that the *lies* attached to the said motion are merely a continuation of a whole "pack of lies" set forth by the defendant's family dating clear back to this case's inception, in their attempts to disqualify this trial court. (Emphasis in the original.)

The relevant passage is set out more fully in the Appendix II.

While expressing no opinion as to whether the judge in fact harbored prejudice against appellant, we must conclude that the circumstances were such as to raise doubts in this respect.

Moreover, we are unable to conclude that appellant in fact received a fair trial. Cf. *T.R.M. v. State,* 596 P.2d 902 (Okl.Cr.1979) (the fact that the record discloses that a fair and impartial hearing was afforded on the merits of the case is an important factor in determining a contention that the trial judge should have disqualified.) Other crimes evidence was improperly received in evidence against him.

A prosecution witness was allowed to testify concerning an entirely different incident several weeks before the one in question. He testified that he was summoned to his son-in-law's bar to handle "some guys . . . fixing to have a gun fight." At the bar, appellant and companions were faced off against another group of men. A bartender exclaimed that "they was (sic) fixin' to have a gun fight."

The witness testified that Wilkett was "pretty drunk." Appellant was heard to say that "he would go get his gun." Wilkett was persuaded to leave the bar, but as he did so a man named Farmer struck him in the mouth. In the ensuing melee, appellant struck the witness's son in the back of the head. The witness also testified that appellant later called him and said that "your ass is mud, I'm going to kill you, you son-of-a-bitch."

■ The general rule is that when one is put on trial, he is to be convicted, if at all, by evidence that shows him guilty of the offense charged, and proof that one is guilty of other offenses not connected with that for which he is on trial must be excluded. *Burks v. State,* 594 P.2d 771 (Okl.Cr. 1979). See also 12 O.S.1981, § 2404(B). The State suggests that this evidence was admissible under exceptions to the general rule as rebuttal of defense character witnesses, and rebuttal of appellant's own testimony. These arguments are without merit.

■ Although the State has the right to rebut defense evidence of good character, 12 O.S.1981, § 2404(A)(1), it is limited in this respect to reputation or opinion evidence. See 12 O.S.1981, § 2405(A). See also *United States v. McCann,* 589 F.2d 1191 (3d Cir.1978); and *State v. Featherman,* 133 Ariz. 340, 651 P.2d 868 (Ariz.App.1982).

■ Moreover, the testimony of Wilkett which was allegedly rebutted was that he did not know the reason Farmer struck him on the prior occasion. Whatever probative value the other crimes evidence possessed on this collateral issue was clearly outweighed by the danger of unfair prejudice, 12 O.S.1981, § 2403, and the evidence should have been excluded.

The judgment and sentence is REVERSED and the cause REMANDED for a new trial before a different judge.

BRETT, J., concurs.

BUSSEY, P.J., concurs in result.

### APPENDIX I

NOW, on this 5th day of March, 1981, the Court enters the following Findings and Order relative to the Motion for Legislative Continuance filed by defendant herein on the 2nd day of March, 1981:

First, that heretofore on November 21, 1980, defendant filed herein a Motion to Disqualify the trial judge and a Motion for Continuance. On November 26, 1980, the trial court overruled both said Motions. Said Motions were filed by defendant to avoid a December 2, 1980, trial date. On December 1, 1980, the Honorable Lavern

Fishel, Presiding Judge of this District, reviewed and affirmed the trial court's refusal to disqualify. On December 1, 1980, on the basis of a factually incorrect Petition filed in the Court of Criminal Appeals of the State of Oklahoma, the defendant obtained an Order Staying Trial Proceedings directed to the trial court wherein the said Court of Criminal Appeals directed the trial court not to proceed in the case until further order, thus prevented the regularly scheduled jury trial of this case, by ex parte Order. On December 30, 1980, the trial court received an Order Denying A Writ of Prohibition, wherein defendant's request for a writ of prohibition was denied and the orders of the trial court confirmed.

Second, that because of the delay afforded the defendant by his Petition for Writ of Prohibition and Order Staying Trial Proceedings this case was not tried as properly scheduled last jury term of the Court, EVEN THOUGH the said Petition for Writ of Prohibition was found by the Appellate Court to be without merit. Therefore, because of false allegations, and dilatory pleadings the defendant obtained a "continuance" of a proper trial setting without legal or justifiable grounds for doing so, and contrary to the orderly administration of justice.

Third, now the defendant comes into court and asks for yet another continuance on different grounds, when legally he has not received a continuance from last jury term. The Court if it entertains the latest Motion for Legislative Continuance would be the same as affirming that the trial was continued last jury term, when no continuance was granted by the trial court and the Appellate Court affirmed the trial court's Order overruling the prior Motion for Continuance—THIS COURT WILL NOT CONFIRM PRIOR DELAYS BASED ON THE FALSE ALLEGATIONS AND DILATORY PLEADINGS OF DEFENSE COUNSEL. To grant a continuance at this time would insult the most basic concepts of law, conscience and fairness.

The motion was dismissed without a hearing the day after it was filed, the judge writing:

Comes now the trial court in the above entitled case and on this 27th day of January, 1982, enters the following FINDINGS, STATEMENTS AND ORDER herein:

1. The Motion for New Trial filed by defendant in this case on the 26th day of January, 1982, is hereby dismissed for the following reasons:

a. The said Motion (allegedly based on newly discovered evidence) does not on its face state grounds for a new trial in this case; and same does not allege in what way the defendant was prejudiced at trial by this trial court.

b. While Mr. Taylor, newly retained counsel for defendant, attempts to call this a Motion for New Trial on newly discovered evidence, the Motion is merely a renewal of an issue that was litigated to the fullest up to the time of trial of this case, by competent defense counsel. That issue being the trial court's disqualification.

By way of enlightenment for Mr. Taylor, the trial court adds this statement, under my oath of office: This trial court did not discuss the facts of this case with the defendant, his family (including the two children who signed the affadavits (sic) attached to the said Motions), or anyone in this world prior to the sentencing date herein. The trial court further adds that the family of the defendant continually contacted the trial court by phone prior to trial to attempt to discuss the case, which was flatly refused. And further the calls got so bad that the trial court had to start having members of the family start screen calls at home to enable the trial court to avoid most of such calls. The trial court had to continually cut off the conversations of said family members in their attempts to cuss the counsel of defendant, which I would not permit.

Further, if Mr. Taylor, will take the time to read the transcripts of prior proceedings in this case, he will clearly see that the *lies*

attached to the said Motion are merely a continuation of a whole "pack of lies" set forth by the defendant's family dating clear back to this case's inception, in their attempts to disqualify this trial court.

We hope Mr. Taylor further sees that the said Motion for New Trial attempts to raise an issue that has heretofore been fully litigated at trial level, and is presently properly before the Court of Criminal Appeals of this State; i.e. the trial court's disqualification.

The trial court further states that the transcript will show that no defendant could have received a more fair trial, and better counsel than he had representing him at trial.

DEFENDANT'S MOTION FOR NEW TRIAL IS DISMISSED.