Willie THOMAS, Jr., Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–84–562.

Court of Criminal Appeals of Oklahoma.

June 8, 1987.

Rehearing Denied July 9, 1987.

---

5. *Id.* at 53.

6. *Id.* at 53–54.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Willie Thomas, Jr., was convicted in Oklahoma County District Court of two offenses of Robbery With a Firearm, After Former Conviction of a Felony in Case Nos. CRF–83–5950 and CRF–83–5951. Punishment was assessed at forty-five (45) years imprisonment on each charge with the sentences to run consecutively, and he appeals.

On November 9, 1983, at approximately 4:00 p.m., Jerry Blake, a driver for United Parcel Service, was robbed while making deliveries at 33rd and MacArthur by a man he later identified as the appellant. He testified at trial that he was able to view the appellant's face several times and remembered that the appellant had a full mustache and was wearing a brown stocking cap and a gray-green jump suit.

At approximately 5:15 p.m. that same day, Gill White, also a driver for United Parcel Service, was robbed while making a delivery in the area of 528 West Reno by a man he later identified as the appellant. White testified at trial that the appellant came up to his truck, pulled a gun, and said that he wanted his money. White also said that he had an opportunity to view the appellant on several occasions during the incident.

Oklahoma City Police Officer, Larry Kettler, testified at trial that the appellant admitted committing the two United Parcel Service robberies; however, the appellant's statement was not reduced to writing. Another Oklahoma City Police Officer, Robert Bemo, testified at trial that he was present during the questioning of the appellant, and that the appellant admitted committing the crimes.

Tracy Thomas and Patricia Copeland, the appellant's brother and sister, both testified at trial that the appellant was nice, honest, well-liked and had a reputation for being truthful in the community. Iva King, a friend of the appellant, also testified that the appellant had a reputation for being nice and honest. Ulysses Riley, Jr. testified that he had known the appellant since childhood and that the appellant was with him until 3:00 p.m. on November 9, 1983, helping him paint and remodel a grocery store at 1516 Northeast 48th street.

The appellant testifying in his own behalf stated that he had a 1972 conviction for Robbery With a Firearm for which he had received a sentence of fifty (50) years. He further stated that on the day in question he finished work around 3:00 p.m. and was covered with paint when he left to go to his parents' house where he played with his nieces and nephews. The appellant also stated that on November 23, 1983, he called a man he had known in the penitentiary and asked the man to drive him to the Edmond unemployment office. They stopped at a gas station to ask for directions and were arrested by the police. The police officers claimed that they were planning to rob a United Parcel Service truck which they allegedly were following. The appellant denies making any type of confession. The trial court having concluded that defense testimony opened the door to inquiry regarding pending robbery charges, allowed the prosecution to inquire into these matters.

I

For his first assignment of error appellant contends that the trial court erred in allowing the State to inquire of appellant on cross-examination whether he had been accused of other robberies and an assualt and in allowing the State to present extrinsic proof of the other crimes in rebuttal. After defense witnesses testified concerning appellant's reputation within the community for being well-liked, for being hon-

est, and for being a peacemaker, the trial court allowed the prosecutor to ask appellant, on cross-examination, whether he was accused of other robberies, including robbing a gas station and other United Parcel Service delivery trucks. The prosecutor also asked appellant if someone was shot during the gas station robbery. The trial court then allowed Detective Kettler to testify in rebuttal that appellant had admitted involvement in the robbery of a gas station, three other United Parcel Service vehicles, a shoe store and a beer truck. Appellant had not been convicted for any of these crimes; however, the trial court found that appellant had "... opened up his total and complete character."

■ Initially, we observe that appellant interposed timely objections to the testimony that he now claims is erroneous. Concerning the cross-examination of appellant about the other robberies that he was accused of, we are of the opinion that this evidence was properly admitted under the provisions of 12 O.S.1981, 2405(A) which provides that:

A. Where evidence of a person's character or trait of character is admissible, proof may be by testimony as to reputation or by testimony in the form of opinion. Inquiry is allowable on cross-examination into relevant specific instances of conduct.

Appellant had opened the door by offering evidence of good character, and the prosecutor properly rebutted the evidence by inquiring on cross-examination into relevant specific instances of conduct. *See Rhyne v. State*, 514 P.2d 407 (Okl.Cr.1973).

■ Considering the testimony of Detective Kettler, we are of the opinion that the evidence of other United Parcel Service robberies committed by appellant was admissible under the common scheme or plan exception of 12 O.S.1981, 2404(B). In *Driskell v. State*, 659 P.2d 343, 349 (Okl.Cr. 1983), this Court stated that:

Evidence of other crimes is admissible if there was a 'plan' to commit a series of crimes or if the evidence of other crimes establishes a 'signature'....

More recently, in *Hall v. State*, 615 P.2d 1020, 1022 (Okl.Cr.1980), we asserted that the common scheme or plan exception is dependent upon the 'relationship or connection between the crime charged and the crime or crimes sought to be admitted. Similarity between crimes, without more, is insufficient to permit admission.' (citations omitted.) In *Hall* we explained that the relationship between the crimes must 'infer the existence, in the mind of the accused, of a plan or scheme with each crime comprising a part thereof.' This Court further asserted that '[t]he commission of separate offenses characterized by a highly peculiar method of operation will suffice to show a common scheme.' See also *Jett v. State*, 525 P.2d 1247 (Okl.Cr.1974); and *Hall v. State*, 528 P.2d 1117 (Okl.Cr. 1974).

In the instant case we believe that the evidence of the three United Parcel Service robberies is characterized by a highly peculiar method of operation which shows a common scheme. *See Cook v. State*, 650 P.2d 863, 868 (Okl.Cr.1982).

■ Detective Kettler's testimony that appellant admitted robbing a gas station, a shoe store and a beer truck should not have been admitted in that it does not fit within any of the exceptions enumerated in 12 O.S.1981, § 2404(B). However, we find that the introduction of this extraneous evidence was harmless beyond a reasonable doubt in light of its cumulative effect, the overwhelming evidence of appellant's guilt and the proper instructions which admonished the jury concerning the reason the evidence was admitted. *Schneider v. State*, 538 P.2d 1088 (Okl.Cr.1975); *Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980). Appellant's first assignment of error is without merit.

II

The appellant asserts in his second assignment of error that the trial court erred in admitting his confession by requiring that he bear the burden of proving the voluntariness of the confession and the il-

legality of his warrantless arrest. We disagree.

■ We first note that the trial court followed the correct procedure in determining the voluntariness of the confession by conducting a hearing outside the presence of the jury. *Howell v. State*, 513 P.2d 887, 888 (Okl.Cr.1973).

■ During the in camera hearing, Larry Kettlers, an Oklahoma City police detective, testified he was advised by the Edmond Police Department that they had arrested the appellant for carrying a firearm. The arrest, according to the Edmond Police Department, occurred after a United Parcel Service dispatcher mentioned that they had previously experienced several robberies. While responding to the call, a patrol car got behind the vehicle that was following the United Parcel Service truck and observed a gun being thrown out the window. The vehicle was stopped, and the appellant and his companion were taken into custody.

Based on the circumstances of the arrest as related by the Oklahoma City police detective we are of the opinion that probable cause did exist for the Edmond police officer to arrest the appellant; therefore, no illegal arrest is present. *Lee v. State*, 661 P.2d 1345, 1350 (Okl.Cr.1983); *Banks v. State*, 544 P.2d 1268, 1269 (Okl.Cr.1976).

■ The appellant is not permitted to object at this stage to the Oklahoma City police officer's hearsay testimony concerning the arrest without having first objected to the alleged error at trial and requesting an admonition from the court. *Orgill v. State*, 660 P.2d 649, 651 (Okl.Cr.1983). Since the appellant did not object to the error and did not request an admonishment, he has not properly preserved this error.

■ As to the admissibility of appellant's confession, we recognize that the trial court considered the adequacy of the warnings given to appellant and the voluntariness of his confession.[1] We have reviewed the record, and find that the appellant was properly advised of his constitutional rights, that he understood them, and that the trial court properly admitted the confession for the jury to consider the issues of voluntariness and truthfulness. *Bryant v. State*, 478 P.2d 907, 911 (Okl.Cr.1970). Therefore, this assignment of error is without merit.

### III

■ The appellant's third assignment of error is that the trial court failed to give a proper instruction on the defense of alibi which should have provided clearly that it was the prosecution's burden to disprove his alibi beyond a reasonable doubt. However, the appellant failed to object to the alibi jury instruction. We have consistently held that where counsel is not satisfied with instructions that are given, or desires the court to give any particular instruction, it is the duty of counsel to prepare and present to the court such desired instructions and request that they be given. In the absence of such a request, this Court will not reverse the case if the instructions generally cover the subject matter of inquiry and there is no fundamental error. *Luckey v. State*, 529 P.2d 994, 996 (Okl.Cr. 1974). After carefully reviewing the alibi jury instruction we find that the instruction generally covers the subject of inquiry. This assignment of error has no merit.

1. Officer Kettler's testimony at the in camera hearing concerning the *Miranda* warnings was as follows:
Q. You told him why you called him down and before he could respond one way or the other you started in on his rights?
A. Yes
Q. And you read from a card that you had in your pocket?
A. No; I did not.
Q. What did you tell him? .
A. I told him that he had the right to remain silent. Anything he said would be used against him in a court of law. He had the right to have an attorney or have an attorney appointed, to represent him if he wished one and could not afford him. I advised him if he wanted to make a statement now he had the right to stop answering questions at any time.

\* \* \* \* \* \*

Q. So you advised him of his rights?
A. Yes sir.
Q. Did he say he understood them?
A. Yes, he did.
(Tr. 87–88)

## IV

Appellant alleges in his fourth assignment of error that the trial court erred in refusing to give his requested cautionary eyewitness identification instruction on the ground that the identification of the appellant by Jerry Blake and Gill White is suspect. We disagree. This Court has previously held that when the appellate record does not contain the appellant's requested instruction and it is not properly enumerated in the designation of record, the error is not properly preserved. *Ingram v. State*, 611 P.2d 274, 276 (Okl.Cr. 1980). In the instant case, the appellant, although objecting to the court's failure to deliver a cautionary eyewitness identification instruction, did not submit requested instructions to the court for consideration. Moreover, we are not convinced that the facts of this case indicate that a failure to give the requested instruction substantially violated any of the appellant's rights. *See Hair v. State*, 597 P.2d 347, 349 (Okl.Cr. 1979). This assignment of error has no merit.

## V

In his fifth assignment of error the appellant asserts the trial court erred in requiring the jury to deliberate further after having given an *Allen* instruction sua sponte, although the jurors had indicated they were deadlocked on the guilty stage in one of the two cases. We disagree.

After deliberating over four hours, the jury was called back into court when the court received notice that they had reached a verdict on Case No. CRF–83–5951 and needed to know whether the sentencing stage required a unanimous vote. The jury also informed the court that they had a hung jury on Case No. CRF–83–5950. Subsequently, the judge gave the jury an *Allen* instruction and asked that they deliberate further on Case No. CRF–83–5950. We note that the particular instruction em-phasized the importance of arriving at a verdict if possible. Additionally, the instruction cautioned the jury that "you should not surrender your honest convictions concerning the weight of the evidence in order to be congenial or to reach a verdict solely because of the opinion of the other jurors." We find that the instruction sufficiently complied with prior decisions of this Court governing the content of such instructions. *Brogie v. State*, 695 P.2d 538 (Okl.Cr.1985); *Pickens v. State*, 600 P.2d 356 (Okl.Cr.1979). Consequently, we find no error.

## VI

The appellant asserts in his sixth assignment of error that prosecutorial misconduct, occurring during cross-examination and closing argument, deprived him of a fair trial. We disagree. Appellant cites a number of alleged improper comments made during the prosecutor's closing argument. However, none of these comments were objected to by the appellant at trial, and in no instance did the appellant request an admonition for the jury not to consider them. We have previously held that not only must the appellant object to improper argument of the prosecuting attorney, but he must also go further and move the trial court to exclude the remarks from the jury's consideration, and when this is not done any objection is waived unless the remarks are so fundamentally prejudicial that the trial court could not by instruction to the jury correct such error. *Stevenson v. State*, 647 P.2d 437, 439 (Okl.Cr.1982).

The alleged improper comments objected to by the appellant at trial occurred during the prosecutor's cross-examination of the appellant. The comments concern the absence of the appellant's parents and a niece at trial which the appellant claims were impermissible and prejudicial to his case.[2] We have previously held that

---

2. Q. And Miss King picked you up and she took you to your parent's home?
A. Yes, sir.
Q. Your parents know you're here today on trial?
A. Yes, sir.

Q. Where are they?
MR. WATSON: Objection.
THE COURT: Be overruled.
MR. WATSON: Irrelevant.
THE COURT: Be overruled.

where it is contended that the trial court erred in permitting the prosecution to ask defendant incompetent and prejudicial questions on cross-examination, it must appear from the record that the questions were asked for the evident purpose of taking an unfair advantage of defendant by containing therein matter which the examiner knew to be untrue, or else incapable of proof. *Thompson v. State*, 541 P.2d 1328, 1336 (Okl.Cr.1975). After carefully reviewing the entire record we do not find that the conduct of the Assistant District Attorney prejudiced the appellant in any manner. The general rule in Oklahoma is that where a person might be a material witness in a defendant's behalf and he is neither placed upon the stand by the accused nor his absence accounted for, failure to produce him as a witness is a legitimate matter for comment in the argument of the State. *Assadollah v. State*, 632 P.2d 1215, 1219 (Okl.Cr.1981). In this case, where the appellant claimed he was staying with his parents at their home and was playing with his nieces an nephews after work on the day in question, there is sufficient reason to believe that his parents and oldest niece might be material witnesses on his behalf. Therefore, appellant's failure to present them as witnesses would be a legitimate comment for the prosecution in his argument. This assignment of error is without merit.

### VII·

In his final assignment of error the appellant alleges that the verdict forms given the jury were insufficient because they did not provide for alternative findings of guilt or innocence of a prior conviction, but only provided for guilty or not guilty on the present charge. Appellant asserts that the insufficient verdict forms accompanied by only one punishment instruction, which instructed only on the punishment options for a former felon, consti-

Q. How old was your oldest niece or nephew at the home when you were eating supper on November 9, 1984?
A. The oldest one that was there was about 9, about 9 years old.
Q. Is it a he or she?
A. It's a she.

tuted fundamental error. We disagree. The appellant admitted during cross-examination that he had a prior conviction for the crime of Robbery with Firearms. This court has previously held that when the defendant under oath confesses the former conviction there is no question of fact within the jury's province as to whether the defendant is guilty of only the primary offense or of the primary offense after former conviction. *Reed v. State*, 580 P.2d 159,162 (Okl.Cr.1978). The appellant's confession of his prior conviction nullified the requirement of the trial court to alternatively instruct the jury on punishment of the primary offense. *Jones v. State*, 527 P.2d 169, 173 (Okl.Cr.1974). Additionally, appellant's failure to object to the verdict forms or procedure of the court constitutes waiver of error. *Fogle v. State*, 700 P.2d 208, 212 (Okl.Cr.1985). This assignment of error has no merit.

Finding no error warranting reversal or modification, the judgments and sentences are AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., concurring in part/dissenting in part.

PARKS, Judge, concurring in part and dissenting in part:

I write separately to address the appellant's first, sixth, and seventh assignments of error relating respectively to character evidence, prosecutorial misconduct, and jury determination of the former conviction issue.

On page 486, the majority opinion concludes that the error of the trial court in admitting extraneous character evidence in rebuttal was harmless beyond a reasonable doubt. The improperly admitted testimony consisted of Detective Kettler's testimony that the appellant had admitted robbing a

Q. Can she talk?
A. Yes
Q. Why isn't she here?
  MR. WATSON: Again, objection, Your Honor.
  THE COURT: Be overruled.
(Tr. 213–214, 216)

gas station, a shoe store and a beer truck. Appellant complains that he was prejudiced by the rebuttal testimony concerning prior arrests for and alleged confessions to other offenses.

The record indicates that the trial judge was under the impression that the presentation of character witnesses by the appellant "opened up his total and complete character." (Tr. 205) Once an accused opens the door by offering evidence of a pertinent trait of his character, that is, evidence of good character, the prosecution may rebut with evidence of bad character in the form of reputation or opinion evidence. 12 O.S.1981, §§ 2404(A)(1), 2405(A). *See Wilkett v. State,* 674 P.2d 573, 576 (Okl.Cr.1984). Relevant specific instances of conduct, however, may be used only on cross-examination, 12 O.S.1981, § 2405(A), unless the character trait is an essential element of a charge or defense. 12 O.S. 1981, § 2405(B). Accordingly, the foregoing provisions of the Oklahoma Evidence Code prohibit the prosecution from introducing relevant specific instances of conduct on direct examination in rebuttal unless the character trait is an essential element of the offense charged or a defense. *See* 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 106–07 (1985). Thus, I agree with the appellant that the rebuttal testimony on direct examination as to specific instances of conduct should not have been allowed. *Accord State v. Lehman,* 126 Ariz. 388, 616 P.2d 63, 66 (Ct.App.1980) (17A A.R.S. Rules of Evidence 405(a) identical to 12 O.S.1981, § 2405(A)). The question then becomes whether the error affected a substantial right of the appellant, 12 O.S.1981, § 2104(A), so as to require modification or reversal. In light of the strong evidence of guilt, I would recommend that the appellant's two forty-five (45) years sentences, which were ordered to run consecutively, be modified to thirty (30) years on each count.

With regard to the allegedly improper prosecutorial comments, the majority opinion at page 488 states that an appellant must not only object, but he must also request that the jury be admonished to disregard the comments. Section 2104(A)(1) of the Oklahoma Evidence Code only requires that a timely specific objection be made in order to preserve the question for review on appeal. "However, the Court of Criminal Appeals appears to still cling to the pre-Code decisional rule that there must be a request for an admonition to the jury in addition to an objection to preserve an error in the admissibility of evidence for review on appeal. See *Orgill v. State,* 660 P.2d 649 (Okl.Cr.1983) and *Pekah v. State,* 660 P.2d 652 (Okl.Cr.1983)...." *See* 1 L. Whinery, *supra,* at 20. "[N]either the express language of Section 2104(A)(1), or anything in its legislative history, supports the conclusion of the court that a request for an admonition is necessary to preserve an error for review on appeal." *Id.* at 22. As I have pointed out recently, *see Reid v. State,* 733 P.2d 1355, 1356 (Okl.Cr.1987) (Parks, J., specially concurring), in my opinion error is preserved for review on appeal under 12 O.S.1981, § 2104(A)(1) if a timely and specific objection is interposed by counsel, regardless of whether a request for an admonishment or motion for mistrial is made.

In addition, I disagree with the majority's assertion on page 489 that it was proper cross-examination for the prosecutor to comment on the failure of the appellant's parents and niece to testify on his behalf. This Court has previously reversed, *see Dupree v. State,* 514 P.2d 425, 427 (Okl.Cr. 1973), and modified sentences at least partially on the basis of such improper remarks made during closing argument. *See Baldwin v. State,* 519 P.2d 922, 924 (1974); *Potter v. State,* 511 P.2d 1120, 1125 (Okl. Cr.1973); *Thompson v. State,* 462 P.2d 299, 304 (Okl.Cr.1969). As my brother Judge Brett wrote in *Potter, supra,* "[i]t is not the purpose of the prosecutor to comment upon the failure of any defense witnesses to testify. It is defendant's right to offer testimony, or not to offer such." Therefore, I believe that the improper conduct of the prosecutor further supports a decision to modify appellant's sentence.

Lastly, the majority states on page 489 that "when the defendant under oath confesses the former conviction there is no

question of fact within the jury's province as to whether the defendant is guilty of only the primary offense or of the primary offense after former conviction." While I continue to follow this rule on the basis of *stare decisis*, I have not changed my position as set forth in *Hanson v. State*, 716 P.2d 688, 690 (Okl.Cr.1986) (Parks, P.J., specially concurring).

Accordingly, on the basis of the foregoing, I concur in the affirmance of the judgment, but I would modify the sentence to thirty (30) years on each count.