2009 OK CR 26

**Armand Rashawn JOHNSON, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2008–763.**

Court of Criminal Appeals of Oklahoma.

Sept. 23, 2009.

---

Vernon Smythe, Oklahoma City, OK, Counsel for Appellant.

David C. Prater, District Attorney, Samuel Chavers, Assistant District Attorney, Oklahoma City, OK, Counsel for The State.

Kimberly D. Heinze, Norman, OK, Counsel for Appellant.

W.A. Drew Edmondson, Attorney General of Oklahoma, Donald D. Self, Assistant Attorney General, Oklahoma City, OK, Counsel for The State.

## SUMMARY OPINION

LUMPKIN, Judge.

¶1 Appellant Armand Rashawn Johnson was tried by jury and convicted of Robbery with a Firearm (Counts I and II) (21 O.S. 2001, § 801); Pointing a Firearm (Count III) (21 O.S.2001, § 1289.16); Assault and Battery with a Deadly Weapon (Counts IV and V) (21 O.S.Supp.2007, § 652); First Degree Burglary (Count VI) (21 O.S.2001, § 1431); Felonious Possession of a Firearm (Count VII) (21 O.S.Supp.2007, § 1283)[1] and Kidnapping (Counts VIII, IX and X) (21 O.S. Supp.2004, § 741), all After Former Conviction of Two or More Felonies, Case No. CF–2007–6271 in the District Court of Oklahoma County. The jury recommended as punishment imprisonment for thirty (30) years in each of Counts I, II and VI; twenty-five (25) years on Count III; forty (40) years in each of Counts IV and V; and twenty (20) years in each of Counts VIII, IX and X. The trial court sentenced accordingly, ordering the sentences in Counts I and IV to run concurrently with each other, Counts II and V to run concurrently with each other but consecutively to Counts I and IV, and all other

---

1. Count VII was dismissed by the State prior to the second stage.

counts to run concurrently with each other.[2] It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in support of his appeal:

I. Appellant's convictions should be reversed because the trial court's lecture produced invalid verdicts and denied his right to trial by jury.

II. Multiple convictions and punishments based on the same use of a firearm violates the prohibition of double jeopardy and double punishment and all but one count for each complainant must be dismissed.

III. The evidence was insufficient to sustain Appellant's convictions because the State's case rested upon an inherently unreliable identification.

IV. Admission of prejudicial victim impact evidence including subsequent medical care and treatment, and speculation regarding possible fatality and long-term complications requires a new trial or favorable modification of the resulting sentences.

V. Prejudicial details of Appellant's prior convictions and the possibility that he might serve less time in prison than the jury imposed inflated his sentences.

VI. Jurors were misinstructed on the range of punishment for Assault and Battery with a Deadly Weapon, and the consecutive 40 year sentences in Count IV and V must be favorably modified.

VII. Any failure to preserve issues for review was the result of the ineffective assistance of counsel.

VIII. Cumulative errors deprived Appellant of a fair trial and reliable verdicts and sentences.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that the convictions should be reversed and the case remanded to the District Court for a new trial.

■ ¶ 4 In Proposition I, the trial court abused its discretion by the manner in which *voir dire* was conducted. *See Young v. State,* 2000 OK CR 17, ¶ 19, 12 P.3d 20, 31–32. "An important aspect of *voir dire* is to educate prospective jurors on what will be asked of them under the law." *Eizember v. State,* 2007 OK CR 29, ¶ 40, 164 P.3d 208, 221. However, the trial court is not to influence the jurors in their decision making process. The Oklahoma Uniform Jury Instructions—Criminal (2d) are comprehensive instructions which follow a chronology designed to give jurors as much information as they need about the trial proceedings. Trial courts should follow the introductory information provided in the Oklahoma Uniform Jury Instructions. If the court determines that jurors should be instructed on a matter not included within the Uniform Jury Instructions, the court may give an instruction that is "simple, brief, impartial and free from argument." 12 O.S.2001, § 577.2. Analogies and examples may be used to illustrate the uniform opening instructions, but trial courts should be objective and careful not to appear to guide the jury to a particular decision. *See McCarty v. State,* 1995 OK CR 48, ¶ 51, 904 P.2d 110, 125 (trial court required to exercise "great caution to say nothing to coerce an agreement or to indicate his feelings in the case.").

■ ¶ 5 While the trial court in the present case incorporated material from the uniform instructions, the court's emphasis on the potential cost of the proceedings and potential consequences of the jurors' failure to follow the court's instructions was improper.[3] Further, the court's comments about

---

2. Counts I and II, Robbery with a Firearm; Counts IV and V, Assault and Battery with a Deadly Weapon; and Count VI, First Degree Burglary, are subject to the 85% Rule pursuant to 21 O.S.2001, § 13.1.

3. The daily challenges and responsibilities of judges of the District Court are great. This

Court empathizes with the demands that are placed on trial judges and the frustrations that often arise from those demands. However, instructions to jurors must not reflect those frustrations. Jurors should only be instructed on the law and evidence relevant in the case and the process they should follow in arriving at their

the deliberation process were premature and effectively a preemptive *Allen* charge. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); *Thomas v. State,* 1987 OK CR 113, ¶¶ 20–21, 741 P.2d 482, 488; *Pickens v. State,* 1979 OK CR 99, ¶¶ 10–11, 600 P.2d 356, 357–58. It is important that each juror make his or her own decision and not be encouraged to abandon their own personal beliefs.

¶ 6 Here, many of the remarks of the trial judge during *voir dire* were improper and may have had a coercive effect upon the jury. "It is by far the better practice for the trial judge to lecture a jury as little as possible and be most cautious in his remarks for fear he may say something that will prejudice the rights of the defendant." *Spomer v. State,* 1964 OK CR 92, ¶ 7, 395 P.2d 657, 664. Accordingly, our decision to reverse and remand the case for a new trial makes it unnecessary to address the remaining propositions of error.

### DECISION

¶ 7 The Judgment and Sentence is *RE-VERSED AND REMANDED FOR A NEW TRIAL.* Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2009), the *MANDATE* is *ORDERED* issued upon delivery and filing of this decision.

C. JOHNSON, P.J., A. JOHNSON, V.P.J., CHAPEL and LEWIS, JJ.: concur.

independent decisions pursuant to those instruc-   tions.