BUCK v. STATE
2023 OK CR 2
Case Number: F-2021-453
Decided: 01/19/2023
AARON CHARLES BUCK, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2023 OK CR 2, __ __

 

 

SUMMARY OPINION

ROWLAND, PRESIDING JUDGE:

¶1 Appellant Aaron Charles Buck was charged in the District Court of Pottawatomie County, Case No. CF-2019-299, with four counts of Lewd or Indecent Acts to a Child Under 16, in violation of 21 O.S.Supp.2010, § 1123

(1) whether he was denied the presumption of innocence;

(2) whether he was denied effective assistance of counsel;

(3) whether he was denied his constitutional right to have all elements of the crimes charged submitted to and decided by the jury;

(4) whether his sentence is excessive; and

(5) whether the district court lacked jurisdiction to try his case.

¶2 We find relief is not required and affirm the Judgment and Sentence of the district court.

1.

¶3 Three times during voir dire the trial court referred to the complaining witnesses as "the victims." Buck complains on appeal that these references undermined his presumption of innocence and invaded the province of the jury, shifting the burden of proof. Because Buck did not object below, our review on appeal is for plain error only. See Postelle v. State, 2011 OK CR 30267 P.3d 114

¶4 It is true, as Buck asserts, that the trial court "must not influence jurors in their decision-making process." Postelle, 2011 OK CR 30Johnson v. State, 2009 OK CR 26218 P.3d 520voir dire regarding the presumption of innocence combined with the written instructions clearly setting forth the correct statements of the law" may serve to ameliorate the effect of earlier misstatements. Sanders v. State, 2015 OK CR 11358 P.3d 280

¶5 In the present case, although the trial court referred to the complaining witnesses as "the victims," in voir dire, the trial court also instructed the jury both orally during voir dire and later in written instructions about the presumption of innocence and the State's burden of proof. The trial court also referred to the complaining witnesses as "alleged victims" in its examination by the court. Given the entirety of the record, we find that the trial court's initial misstatements did not rise to the level of plain error. We also find that Buck's claim that the trial court's misstatements were structural error is baseless. Relief is not required.

2.

¶6 Buck contends that he was denied constitutionally effective assistance of counsel. This Court reviews claims of ineffective assistance of counsel de novo, to determine whether counsel's constitutionally deficient performance, if any, prejudiced the defense so as to deprive the defendant of a fair trial with reliable results. Strickland v. Washington, 466 U.S. 668, 687 (1984); Malone v. State, 2013 OK CR 1293 P.3d 198Strickland, 466 U.S. at 693; Head v. State, 2006 OK CR 44146 P.3d 1141Id. Rather, Buck must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. This Court need not determine whether counsel's performance was deficient if the claim can be disposed of on the ground of lack of prejudice. See Malone, 2013 OK CR 1

¶7 Buck complains that trial counsel was ineffective for failing to object when the trial court referred to the complaining witnesses as "the victims." The trial court's misstatements were addressed above in Proposition 1. As noted in discussion above, Buck cannot show on this record that, but for counsel's actions, the result of his trial would have been different.

¶8 Buck also argues that trial counsel was ineffective for failing to cross examine the complaining witnesses about their possible motives for accusing him as was done by prior defense counsel at preliminary hearing. Instead, defense counsel at trial opted to challenge the complaining witnesses on why they waited so long to disclose the incidents of abuse. This decision was clearly strategic in nature. "This Court will not second-guess matters concerning trial strategy if there is a reasonable basis for counsel's actions." Lee v. State, 2018 OK CR 14422 P.3d 782Turrentine v. State, 1998 OK CR 33965 P.2d 955Turrentine, 1998 OK CR 33

¶9 Because he has failed to establish either deficient performance or prejudice from his attorney's actions, Buck's ineffective assistance of counsel claim is denied. This proposition does not require relief.

3.

¶10 Buck was charged with lewd acts with a child under 16, in violation of 21 O.S.Supp.2010, § 1123

¶11 Because the record does not show that trial counsel objected to the instructions at issue review on appeal is for plain error. See Newman v. State, 2020 OK CR 14466 P.3d 574Hogan v. State, 2006 OK CR 19139 P.3d 907Stewart v. State, 2016 OK CR 9372 P.3d 508

¶12 Buck acknowledges that this Court addressed this very issue holding that, "the age of the victims at the time of the crimes is an element of the crime of lewd acts with a child under 16 for purposes of sentencing and a criminal defendant has a constitutional right to have the jury instructed on this element and the charged offense proved beyond a reasonable doubt." Chadwell v. State, 2019 OK CR 14446 P.3d 1244See also Alleyne v. United States, 570 U.S. 99, 103 (2013) ("any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury"); Williams v. State, 2021 OK CR 19496 P.3d 621Chadwell holding that "the jury should have been instructed that in order to assess punishment starting at not less than twenty-five years imprisonment, they had to find beyond a reasonable doubt that the victim was under twelve years of age when the crimes were committed").

¶13 Failure to properly instruct in the present case was error which is subject to harmless error analysis. Chadwell, 2019 OK CR 14Neder v. United States, 527 U.S. 1, 4, 15, (1999) (the error which occurs when an element of the crime charged is omitted from the jury instructions is subject to harmless error analysis)). See also Williams, 2021 OK CR 19Chadwell and applying harmless error analysis). Accordingly, we apply the harmless error test set forth in Chapman v. California, 386 U.S. 18, 24 (1967) to determine whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict.

¶14 In light of this authority contrary to his position, Buck asks this Court to reconsider our prior rulings and find, under the Oklahoma Constitution, that this error is structural error which can never be harmless. Buck's argument is not persuasive, and we decline to reconsider our prior rulings.

¶15 The uncontested evidence presented at trial was that the child victims were under the age of twelve at the time Buck committed the crimes charged. Accordingly, we find that the instructional error was harmless beyond a reasonable doubt. See Neder, 527 U.S. at 17 ("where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless"). This claim is denied.

4.

¶16 Buck argues that his sentences are excessive. "This Court will not disturb a sentence within statutory limits unless, under the facts and circumstances of the case, it shocks the conscience of the Court." Thompson v. State, 2018 OK CR 32429 P.3d 690

5.

¶17 Prior to trial, Buck filed a motion to dismiss arguing that the State lacked jurisdiction to try him under McGirt v. Oklahoma, 140 S. Ct. 2452 (2020) because he is an Indian and the alleged crimes occurred in Indian Country. Buck asserted that he is an enrolled member of the Seminole Tribe and that the alleged crimes occurred in Indian Country within the boundaries of the Kickapoo Reservation.

¶18 The Honorable John Canavan, Jr., Pottawatomie County District Judge, conducted an evidentiary hearing on Buck's motion. The evidence presented at the evidentiary hearing established that Buck is an Indian; the parties stipulated to Defendant's Exhibit 1, which shows that Buck has ¼ quantum of Indian blood and has been enrolled in the Seminole Nation, a federally recognized tribe, since 1976. Other evidence showed that the crimes occurred within the historical boundaries of the Kickapoo Reservation. However, the issue of whether the crimes occurred in Indian Country for purposes of jurisdiction under McGirt remained undecided at the close of the hearing and the trial court took the matter under advisement.

¶19 In subsequent written findings of fact and conclusions of law the trial court found that the Kickapoo Reservation, established by an Act of Congress in 1883, was subsequently disestablished and returned to the United States for value, i.e., allotments and cash. Accordingly, the trial court denied Buck's motion to dismiss. Buck argues on appeal that the trial court's ruling regarding the status of the Kickapoo Reservation was error and the district court had no jurisdiction to try him.

¶20 This Court will afford a district court's factual findings supported by the record great deference and review them for an abuse of discretion. Parker v. State, 2021 OK CR 17495 P.3d 653Id. The record is sufficient for our resolution of Buck's Indian Country claim.

¶21 The trial court found that the Kickapoo Reservation was established by an Act of Congress in 1883. It further found that subsequently, by Act of Congress, "a major portion of that reservation was ceded back to the United States for value." The trial court noted the "language of cession" in the Act of September 9, 1891, Chapter 203, Article I, 27 Stat. 557, (hereinafter the Act of 1891) as follows:

The said Kickapoo Tribe of Indians in the Indian Territory hereby cede, convey, transfer, and relinquish, forever and absolutely, without any reservation whatever, all their claim, title, and interest of every kind and character in and to the lands embraced in the following described track of country in the Indian Territory. . . .

Additionally, Article II of the Act of 1891, provided:

In consideration of the cession recited in the forgoing article, the United States agrees that in said tract of country there shall be allotted to each and every member, native and adopted, of said Kickapoo tribe of Indians in the Indian Territory, 80 acres of land to conform in boundary to the legal surveys of said land.

¶22 Finally, Article V of the Act of 1891 provided that in addition to the allotments, the United States agreed to pay each Kickapoo Indian a sum of money as "further consideration to be paid for the cession and relinquishment of title above recited. . . ."

¶23 It is true, as Buck asserts, that "once a reservation is established, it retains that status 'until Congress explicitly indicates otherwise.'" McGirt, 140 S. Ct. at 2469 (quoting Solem v. Bartlett, 465 U.S. 463, 470 (1984). While particular words are not required, disestablishment "does require the Congress clearly express its intent to do so, commonly with an explicit reference to cession or other language evidencing the present and total surrender of all tribal interests." McGirt, 140 S. Ct. at 2463 (internal quotations omitted). This Court has noted that "Congress's ratification of a tribe's agreement to 'cede, sell, relinquish, and convey' all of a tribe's 'claim, right, title, and interest in and to all' of its reservation lands previously has been acknowledged to constitute termination of a reservation in language 'precisely suited to this purpose.'" Martinez v. State, 2021 OK CR 40502 P.3d 1115DeCoteau v. District County Court for Tenth Judicial District, 420 U.S. 425, 445 (1975)). See also Rosebud Sioux Tribe v. Kneip, 430 U.S. 584, 597 (1977) (similar language was deemed "'precisely suited' to disestablishment").

¶24 Lest there remain any confusion about the consequences of the language of cession found in the Act of 1891 with regard to the status of the Kickapoo Reservation, the United States Supreme Court's ruling in United States v. Oklahoma Gas & Electric Co., 318 U.S. 206 (1943) puts this doubt to rest. Therein, the Supreme Court found as follows:

The Kickapoo Tribe thereupon, on September 9, 1891 did 'cede, convey, transfer, and relinquish, forever and absolutely, without any reservation whatever, all their claim, title, and interest' to the reservation lands. In consideration each of the Kickapoos, estimated at about 300 in number, was allotted 80 acres of such land with a per capita cash payment. The transaction was ratified, and carried out on the part of the United States and the land acquired by the United States was opened to settlement. Thus, the Kickapoo reservation was obliterated, the tribal lands were no more, and only individual allotments survived. We think it clear that the term 'reservation' as used in the statutes in question had no application to such lands.

Oklahoma Gas & Electric Co., 318 U.S. at 216 (footnotes omitted).

¶25 We affirm the trial court's legal conclusion that Congress explicitly disestablished the Kickapoo Reservation and find that Buck was properly subject to the jurisdiction of the District Court of Pottawatomie County when he was tried for the crimes charged in this case.

DECISION

¶26 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT
OF POTTAWATOMIE COUNTY,
THE HONORABLE TRACY MCDANIEL,
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 MICHAEL AMEND
 ATTORNEY AT LAW
 2845 BROCE DRIVE, BLDG. A
 NORMAN, OK 73072
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 CHAD JOHNSON
 OKLAHOMA INDIGENT
 DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 JEFF MIXON
 ASSISTANT DISTRICT ATTORNEY
 POTTAWATOMIE COUNTY
 DISTRICT ATTORNEY'S OFFICE
 331 N. BROADWAY AVE.
 SHAWNEE, OK 74801
 COUNSEL FOR STATE
 
 
 JOHN M. O'CONNOR
 ATTORNEY GENERAL
 OF OKLAHOMA
 RANDALL YOUNG
 ASSISTANT ATTORNEY
 GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: ROWLAND, P.J.
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur
MUSSEMAN, J.: Concur

FOOTNOTES

21 O.S.Supp.2009, § 13.1